GULF, COLORADO & SANTA FE RAILWAY COM-
PANY *v.* STATE OF TEXAS.

ERROR TO THE COURT OF CIVIL APPEALS, THIRD SUPREME
JUDICIAL DISTRICT, OF THE STATE OF TEXAS.

No. 158.  Argued January 25, 1918.—Decided March 4, 1918.

An order of a state commission requiring the stopping of certain inter-
state trains for reception and discharge of passengers at a county
seat of only 1500 population, *upheld*, in view of a statute, not directed
adversely at interstate trains, but specifying the train service to be
supplied to all county seats and evidencing a legislative estimate (not
here confuted) of county seat needs.

Serious doubt is expressed as to whether the order could be sustained,
from the standpoint of the local requirements of the population
merely, viz: as meeting a need for sleeping car service and as an
accommodation to passengers using the trains in question to reach
the city.

The need of making fast time in competition with other railroads and
in carrying the mail, *held*, not in this case to render the order unduly
burdensome to interstate commerce, it appearing that the required
stops would consume but a few minutes each, that stops are made
voluntarily at all other county seats and some smaller places, and
that there is a detour in the routing.

Power in a state commission to order stops by interstate trains,
not resulting in direct burden on interstate commerce, in pursuance
of a statute not aimed at such trains but specifying train service

required at county seats, may coexist with the duty imposed on carriers respecting regulations for transportation facilities by the Hepburn Act of June 29, 1906, c. 3591, § 1, 34 Stat. 584, and the Act of June 18, 1910, c. 309, § 7, 36 Stat. 546, and the jurisdiction of the Interstate Commerce Commission over such matters, if the order is not in conflict with regulations of the latter Commission.

A railroad company which does not avail itself of an opportunity given by the state law to test the validity of an order of a state commission in the state or federal court, cannot be relieved from a cumulation of penalties due to its violations of the order while awaiting proceedings by the State.

169 S. W. Rep. 385, affirmed.

THE case is stated in the opinion.

*Mr. Gardiner Lathrop,* with whom *Mr. J. W. Terry, Mr. A. H. Culwell* and *Mr. Robert Dunlap* were on the briefs, for plaintiff in error.

*Mr. B. F. Looney,* Attorney General of the State of Texas, and *Mr. Luther Nickels,* Assistant Attorney General of the State of Texas, for defendant in error, submitted.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit by the State to compel the defendant railroad, the plaintiff in error, to stop two interstate trains, one numbered 17 and southbound, the other numbered 18 and northbound, at the City of Meridian, for a time sufficient to receive and let off passengers. Meridian is the County Seat of Bosque County and has a population of 1500. Two other trains of the defendant going each way stopped there daily, but the Railroad Commission of the Sate found that these were insufficient for the needs of business at that station and made the order that this suit

seeks to have carried out. The statute of Texas giving to the Commission power to make such order contains a proviso that "four trains each way, carrying passengers for hire, if so many are run daily, Sundays excepted, be required to stop as aforesaid at all county seat stations"— so that the Commission seems to have obeyed a statutory mandate. Art. 6676, (2), Vernon's Sayles' Texas Civil Statutes. Another article, 6672, imposes a penalty of not more than $5,000 for every failure to obey such lawful order, and this suit seeks to recover penalties as well. The trial Court confirmed the finding of the Commission that the present service is insufficient, and the order, and imposed a fine of $22,400, being $100 for each failure to stop. It stated the facts in great detail but it will not be necessary to repeat them here. The Court of Civil Appeals again confirmed the above finding and affirmed the judgment. The Supreme Court of the State refused to allow a writ of error, declaring itself unable to say that the conclusion of the lower Court was unwarranted as matter of law.

This case does not require quite so critical an examination into the facts as was made in *Mississippi R. R. Commission* v. *Illinois Central R. R. Co.*, 203 U. S. 335, 344, 345, and *Atlantic Coast Line R. R. Co.* v. *Wharton*, 207 U. S. 328, 330, 334, 335, in order to decide whether the judgment of the State Courts and Commission and, it would seem, of the legislature, was wrong. If the reasoning that prevailed with the Court of Civil Appeals were applied to Meridian simply in view of the number of its inhabitants there would be a serious question whether it could be sustained. For the consideration most emphasized was that no sleeping cars were attached to the local trains and that in order to make use of such accommodation on the trains in question passengers had to get in or out at stations from seven or eight to twelve or fifteen miles away. It was thought that when the railroad fur-

nished such accommodations to a part of the public it was bound to furnish the same to all others—a very questionable proposition as applied. The other fact relied upon was that passengers not infrequently came on trains 17 and 18 destined for Meridian and had to get out at Morgan or Clifton, the next stations to the north and south. We repeat that whether these facts would justify an intermeddling with interstate trains in favor of a place of this size, merely as such, would be a serious question. But the State Court sustained the order as one required by statute in favor of county seats, up to the number of four trains each way, Sundays excepted. The law is not directed adversely at interstate trains, but expresses the specific judgment of the legislature as to the needs of the county seats, all of which, of course, it knew. If its judgment is correct, which we have no grounds for denying, the order may be justified, so far as its interference with interstate commerce is concerned, unless some other fact shows that the burden is too great.

The only additional facts material to this point are that the defendant competes with railroads having shorter routes; that for that reason and in order to keep its contracts for the carriage of United States mails it has to make fast time—and that it has little or none to spare. On the other hand Meridian is the only county seat at which it does not stop, and it does stop at some smaller places, as well as make a detour in order to go through Houston. The time that would be taken would be four or five minutes for Number 17, and about 10 minutes for Number 18, according to the trial Court. The Court of Civil Appeals says in general terms from three to five. We are not prepared to say that the finding that there will be no unreasonable burden is wrong.

It is urged that the power of the State Commission has been taken away by the Hepburn Amendment to the Act to Regulate Commerce, of June 29, 1906, c. 3591, § 1, 34

Stat. 584, and the further Act of June 18, 1910, c. 309, § 7, 36 Stat. 546, making it the duty of carriers, including sleeping car companies, to make reasonable regulations affecting the facilities for transportation, the Interstate Commerce Commission having jurisdiction over such matters. But the State requires certain services to county seats with an aim that is not directed against interstate trains as such. The statute is subordinate to the regulations of the Commission so far as it may lead to an incidental interference with such trains and in the absence of any conflict it may stand as here applied. See *Chicago, Burlington & Quincy R. R. Co.* v. *Railroad Commission of Wisconsin*, 237 U. S. 220, 233.

The other point argued here is that the railroad could not be subjected to, at most, more than one penalty while the validity of the order was awaiting judicial determination, *Ex parte Young*, 209 U. S. 123, 147, being relied upon. But the statutes of Texas provided for a suit to test the validity of the order, in a court either of the State or of the United States, Art. 6657. *Reagan* v. *Farmers' Loan & Trust Co.*, 154 U. S. 362, 391, 392. *Railroad Commission of Texas* v. *Galveston, Harrisburg & San Antonio Ry. Co.*, 51 Tex. Civ. App. 447. *Eastern Texas R. R. Co.* v. *Railroad Commission*, 242 Fed. Rep. 300. The railroad company saw fit to await proceedings against it, and although the case in all its aspects is somewhat extreme the judgment must be affirmed. *Wadley Southern Ry. Co.* v. *Georgia*, 235 U. S. 651, 669.

*Judgment affirmed.*

The CHIEF JUSTICE, MR. JUSTICE McKENNA and MR. JUSTICE McREYNOLDS dissent.