FLORIDA EAST COAST RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed January 26, 1920.

1. A State has power to impose penalties sufficiently heavy to secure obedience to orders of public utility commissions after they have been found lawful or after the parties affected have had ample opportunity to test the validity of administrative orders and failed to do so.

2. A party affected by a statute passed without his having an opportunity to be heard is entitled to a safe and adequate judicial review of the legality thereof. It is a denial of due process of law if such review can be effected by appeal to the courts only at the risk of having to pay penalties so great that it is better to yield to orders of uncertain legality than to ask the protection of the law.

3. Rates, rules, orders and regulations made by the Railroad Commissioners, who are administrative officers, acting under statutory authority, are generally legislative in their nature

and have not the attributes of a final judgment or decree of a judicial tribunal; and those who are directly affected by such administrative rates, etc., are under the due process of law clauses of the State and Federal Constitutions, entitled to a judicial review of questions in good faith duly presented, challenging the validity of the administrative action taken, as it affects private property rights.

4.  Pending a judicial determination of the validity of the administrative rates, rules, orders, etc., which are only *prima facie* valid, the State may not impose such excessive penalties for non-compliance with the challenged rates, etc., as will intimidate the parties complaining from contesting the validity of the rates, etc., in due course of judicial proceedings, since that would in effect be a denial of organic rights to equal protection of the laws and to resort to the courts to finally establish the validity or invalidity of the rates, etc., whose legality are challenged.

5.  The State Constitution forbids the imposition of excessive fines; and also provides that the courts of the State shall be open so that for any injury, there shall be a remedy by due course of law.

6.  A statute should be construed and applied so as to make it accord with organic law, and the law-making power is held to have intended a valid enactment and that a construction that avoids raising doubts as to the constitutionality of the statute should be applied.

7.  In an action to recover fines imposed by the Railroad Commissioners, a plea that in effect avers that the alleged violation of rules of the Railroad Commissioners for which large fines were imposed, were committed while the defendant was with due diligence contesting in the courts of the State the constitutional validity of one of the rules, and that in taking appropriate action to test the validity of such rule the alleged violations of another rule necessarily occurred, should not be stricken.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment reversed.

Brown, Twyman & Scott and Scott M. Loftin, for Plaintiff in Error;

Dozier A. DeVane, for the State.

WHITFIELD, J.—In this action brought under Section 2908, General Statutes of 1906, as amended by Section 12, Chapter 6527, Acts of 1913, to recover fines imposed by the Railroad Commissioners for violations of the Commissioners' rates, rules and regulations by the defendant, the first and second counts of the declaration were abandoned.

The first count sought a recovery of a fine of $3,000.00 imposed by the Railroad Commissioners July 16, 1915, for violations of Rule 19 in September and November, 1914; and the second count related to a fine of $1,000.00 for a violation of Rule 19 on October 15, 1914, imposed October 30, 1916. Other counts as amended, are:

## "THIRD COUNT.

"The plaintiff aforesaid, further sues the defendant, aforesaid, for that the defendant is and has been from a date prior to Sept. 18th, 1914, a railroad company and common carrier operating its line of railroad within the State of Florida, for the transportation of goods and passengers for hire, and running into and doing business in the County of Dade aforesaid, that prior to the 18th day of September, 1914, the Railroad Commissioners of

the State of Florida, had pursuant to statute, adopted, promulgated and described certain rules and regulations for the government of the transportation of persons and property by the railroad companies and common carriers doing business wholly or in part within the State of Florida, and among other rules and regulations so adopted, promulgated and prescribed was Rule 7, of the 'General Rules,' which is as follows:

## " 'INCREASED RATES.'

" "7. In no case shall any railroad or common carrier doing business wholly or in part within the State of Florida, advance or increase any special rate or other rates, demurrage charges, storage or wharfage charges without first submitting the proposed increased rate or rates, demurrage, storage or wharfage charges to the Railroad Commissioners and receiving their approval.'

"That said Rule 7, was in full force and effect on the 18th day of September, 1914, and has continued in full force and effect from thence hitherto.

"That on the 21st day of October, 1914, the Railroad Commissioners of the State of Florida, charged the aforesaid defendant, that the defendant did in and by its Supplement No. 6, to Rate Issue 1135, issued September 18, 1914, effective September 18, 1914, advance and increase its joint rates on business destined to or originating at points on other lines in Florida, destined to or originating at Florida East Coast Railway stations, without first submitting the said proposed advance and increased rates to the said Railroad Commissioners, and without receiving their approval thereof. And the said Railroad Commissioners gave the said defendant more than ten days notice that the said charge of violating or disregarding

said Rule No. 7, would be heard at their office in the City of Tallahassee, Florida, on the 12th day of November, 1914.

"That on to-wit: the 12th day of November, 1914, the Railroad Commissioners of the State of Florida did hold in their office in the City of Tallahassee, Fla., a meeting for the purpose of hearing and considering whether or not the said defendant, to-wit: the Florida East Coast Railway Company, had violated Rule 7, by issuing on the 18th day of September, 1914, effective the 18th day of September, 1914, its Supplement No. 6, to Rate Issue 1135, in which Supplement it did advance or increase its joint rates on business destined to or originating at points on other lines in Florida, destined to or originating at Florida East Coast Railway stations, without first submitting the said advance or increase to the said Railroad Commissioners, and without receiving their approval thereof.

"That afterwards, to-wit: on the 16th day of July, 1915, the said Railroad Commissioners having in accordance with law duly tried the defendant, and the defendant by its sworn answer having admitted that it did advance or increase its joint rates on business destined to or originating at points on other lines in Florida, destined to or originating at Florida East Coast Railway stations, without first submitting the said proposed advance or increase to the said Railroad Commissioners, and without receiving their approval, as required by Rule 7, of the General Rules, by their order duly entered, adjudged the said defendant guilty of violating said Rule 7, and in accordance with law, the said Railroad Commissioners duly fixed and imposed upon the said defendant a penalty for such offense in the sum of Twenty-five hundred dollars ($2,500.00), a copy of which order and judgment is

hereto attached, and marked Exhibit 'C' and made a part hereof. And the said plaintiff alleges that by reason of the premises, and according to the form of the statute in such cases, made and provided, the said defendant became liable to pay to the State Treasurer of Florida, the sum of $2,500.00 with interest thereon from the 16th day of July, 1915. Yet the defendant has not paid the same nor any part thereof, but neglects and refuses so to do to the damage of the plaintiff, and the plaintiff claims Fifteen Thousand Dollars ($15,000.00).

"ORDER NO. 492
FILE NO. 3726 'C'

"BEFORE THE RAILROAD COMMISSIONERS OF THE STATE OF FLORIDA.

In the Matter of the Violation
of Rule by the Florida East
Coast Railway Company.

"Pursuant to Notice No. 61, dated October 21, 1914, this matter came on for consideration before the Railroad Commissioners of the State of Florida at their office in Tallahassee on November 12, 1914, and then and there appeared the Florida East Coast Railway Company by Alexander St. Clair Abrams, its Counsel. The said Company filed its sworn answer in the said matter, admitting that it did issue Supplement No. 6 to Rate Issue 1135, issued September 18, 1914, effective September 18, 1914, as charged in said Notice No. 61, but setting forth its reasons for so doing and why it should not be penalized therefor. And after a full hearing the Commissioners took the matter under advisement.

"And now on this day the said matter coming on for further and final consideration, the Railroad Commissioners, being fully advised in the premises, do find that

the Florida East Coast Railway did, in and by its Supplement No. 6 to Rate Issue 1135, issued September 18, 1914, effective September 18, 1914, advance and increase its joint rates on business destined to or originating at points on other lines in Florida, destined to or originating at Florida East Coast Railway stations, without first submitting the said proposed advance and increased rate to the Railroad Commissioners and without receiving their approval.

"WHEREFORE, IT IS CONSIDERED, ORDERED AND ADJUDGED by the Railroad Commissioners of the State of Florida that the Florida East Coast Railway Company has been guilty as charged of violating Rule 7 of the General Rules adopted by the Railroad Commissioners of the State of Florida for the Government of the Transportation of Persons and Property by Common Carriers in Florida, and then and now of full force and effect, and has thereby incurred a penalty for such violation which is hereby fixed and imposed in the sum of Twenty-five Hundred ($2,500.00) Dollars, which said sum the Florida East Coast Railway Company is required to pay promptly to the State Tresaurer as provided by law.

"DONE AND ORDERED by the Railroad Commissioners of the State of Florida in session at their office in the City of Tallahassee, the Capital, this 16th day of July, A. D. 1915.

### "FOURTH COUNT.

"The plaintiff aforesaid, further sues the defendant aforesaid, for that the defendant is and has been from a date prior to September 18th, 1914, a railroad company and common carrier operating its line of railroad within the State of Florida, for the transportation of goods and

passengers for hire, and running into and doing business in the County of Dade aforesaid, that prior to the 18th day of September, 1914, the Railroad Commissioners of the State of Florida, has pursuant to statute, adopted, promulgated and prescribed certain rules and regulations for the government of the transportation of persons and property by the railroad companies and common carriers doing business wholly or in part within the State of Florida, and among other rules and regulations so adopted, promulgated and prescribed was Rule 7, of the 'General Rules,' which is as follows:

## 'INCREASED RATES.'

"7. In no case shall any railroad or common carrier doing business wholly or in part within the State of Florida, advance or increase any special rate or other rates, demurrage charges, storage, or wharfage charges without first submitting the proposed increased rate or rates, demurrage, .storage or wharfage charges to the Railroad Commissioners and receiving their approval.'

"That said Rule 7, was in full force and effect on the 18th day of September, 1914, and has continued in full force and effect from thence hitherto.

"That on the 7th day of October, 1914, the Railroad Commissioners of the State of Florida, charged the aforesaid defendant, that the defendant did in and by its Supplement No. 7, to Rate Issue 1142m issued September 18, 1914, effective September 18, 1914, advance and increase its joint rates on business destined to or originating at points on other lines in Florida, destined to or originating at Florida East Coast Railway stations, without first submitting the said proposed advance and increased rates to the said Railroad Commissioners, and without receiv-

ing their approval thereof. And the said Railroad Com-
missioners gave the said defendant more than ten days'
notice that the said charge of violating or disregarding
said Rule No. 7, would be heard at their office in the City
of Tallahassee, Florida, on the 20th day of October, 1914,
and at the request of said defendant, consideration there-
of was postponed until the 12th day of November, 1914.

"That on to-wit: the 12th day of November, 1914, the
Railroad Commissioners of the State of Florida did hold
in their office in the city of Tallahassee, Fla., a meeting
for the purpose of hearing and considering whether or
not the said defendant, to-wit: the Florida East Coast
Railway Company, had violated said Rule 7, by issuing
on the 18th day of September, 1914, effective the 18th
day of September, 1914, its Supplement No. 7, to Rate
Issue 1142, in which Supplement it did advance or in-
crease its joint rates on business destined to or originat-
ing at points on other lines in Florida, destined to or
originating at Florida East Coast Railway stations, with-
out first submitting the said advance or increase to the
said Railroad Commissioners and without receiving their
approval thereof.

"That afterwards, to-wit: on the 16th day of July, 1915,
the said Railroad Commissioners having in accordance
with law duly tried the defendant, and the defendant by
its sworn answer having submitted that it did advance
or increase its joint rates on business destined to or orig-
inating at points on other lines in Florida, destined to
or originating at Florida East Coast Railway stations,
without first submitting the said proposed advance or
increase to the said Railroad Commissioners, and with-
out receiving their approval, as required by Rule 7, of
the General Rules, by their order duly entered, adjudged
the said defendant guilty of violating said Rule 7, and in

accordance with law, the said Railroad Commissioners duly fixed and imposed upon the said defendant a penalty for such offense in the sum of Twenty-five Hundred Dollars ($2,500.00), a copy of which order and judgment is hereto attached, and marked Exhibit 'D' and made a part hereof. And the said plaintiff alleges that by reason of the premises, and according to the form of the statute in such cases, made and provided, the said defendant became liable to pay to the Treasurer of the State of Florida, the said sum of $2,500.00, with interest thereon from the 16th day of July, 1915, yet the defendant has not paid the same nor any part thereof, but neglects and refuses so to do to the damage of the plaintiff, and the plaintiff claims Fifteen Thousand Dollars ($15,000.00). "ORDER NO. 491, FILE NO. 3726.

"BEFORE THE RAILROAD COMMISSIONERS OF THE STATE OF FLORIDA.

In the Matter of the Violation of Rule 7 by the Florida East Coast Railway Company.

"Pursuant to Notice No. 60, dated October 7th, 1914, this matter came on for hearing before the Railroad Commissioners of the State of Florida, at their office in Tallahassee, Florida, on the 20th day of October, 1914, and thereupon, at the request of the Florida East Coast Railway Company, the consideration thereof was postponed until November 12, 1914. Pursuant to such postponement the said matter came on the consideration on said date, and then and there appeared the Florida East Coast Railway Company by Alex. St. Clair Abrams, Counsel, who was fully heard, and the said Florida East Coast Railway Company, having filed its sworn answer in the said

matter, which said answer admitted that the said company did issue its Supplement No. 7 to Rate Issue 1142, issued September 18, 1914, effective September 18, 1914, as charged in said Notice No. 60, the Commissioners thereupon took the matter under advisement.

"And now on this day, the said matter coming on for further and final consideration, the Railroad Commissioners, being fully advised in the premises, do find that the said Florida East Coast Railway Company, in and by its Supplement No. 7 to Rate Issue 1142 issued September 18, 1914, effective September 18, 1914, did advance or increase its joint rates on business destined to and originating at points on other lines in Florida, destined to or originating at Florida East Coast Railway stations, without first submitting the said proposed advance or increase to the said Railroad Commissioners and without receiving their approval.

"WHEREFORE, It is CONSIDERED, ORDERED AND ADJUDGED that the Florida East Coast Railway Company has been guilty as charged of violating ᵗʰe 7 of the General Rules adopted and promulgated by the Railroad Commissioners of the State of Florida for the Government of the Transportation of persons and property by Common Carriers in Florida, as above set out, and has thereby incurred a penalty for such violation, which is hereby fixed and imposed in the sum of Twenty-five Hundred ($2,500.00) Dollars, which said sum the said Florida East Coast Railway Company is required to pay promptly to the State Treasurer, as provided by law.

"DONE AND ORDERED by the Railroad Commissioners of the State of Florida in session at their office in the City of Tallahassee, this 16th day of July, A. D. 1915."

A demurrer to the original third and fourth counts was sustained, and a demurrer to the amended third and fourth counts was overruled.

Among the pleas were the following:

"The defendant for plea to the third and fourth counts of the declaration, severally and separately, says:

"1.   That the defendant, Florida East Coast Railway Company, denies that at the time mentioned in the declaration it had advanced or increased any joint rate on business destined to or originating at points on any other line or lines of railroad in Florida, and says that it had never made and never had any joint rate with any railroad on business destined to or originating at Florida East Coast Railway Company's stations.

"2.   And for a further and second plea to said Third and Fourth counts separately defendant says that it has not in any way violated Rule 7 of the General Rules promulgated by the Railroad Commissioners of Florida; that it did not by its Supplement No. 6 of Rate Issue 1135 nor by its Supplement No. 7 Rate Issue 1142 mentioned in said counts, advance or increase any rate fixed by said Commissioners, but thereby changed only the regular rate authorized by said Commissioners without, however, making the reductions of ten per cent and twenty per cent below the rates so fixed by the Commissioners as required by Rule 19 promulgated by said Commissioners, and set forth in full in the First and Second Counts of the declaration.

"3.   And for a further and third plea defendant says that the matters complained of in the said third and fourth counts of the declaration are identical with the matters complained of in the first and second counts thereof, and are not other or additional matters; that

the said first and second counts allege the substantial violation of the orders of the Railroad Commissioners, and the said third and fourth counts deal solely with the evidence of such violation."

The 4th and 5th pleas were apparently abandoned.

"6. As amended and for a further and sixth plea to the third and fourth counts defendant says that upon the making and promulgation by the Railroad Commission of Florida of said Rule 19 the defendant, believing upon the facts as known to it, that the said Rule was unreasonable, arbitrary and unjust, and confiscatory of the property of the defendant, prepared to test by a bill in equity in a competent Court in the State of Florida the question as to whether its order as applied to the defendant was unreasonable, arbitrary, unjust or confiscatory as aforesaid, and to enjoin the said Railroad Commission from the enforcement of said order as against defendant.

"That while the defendant was proceeding with all due and reasonable speed to collate the facts required to be set forth in said bill in equity and prepare the said bill the said Railroad Commission brought in the Supreme Court of Florida a relation for mandamus directed to the defendant to compel it to put in force, obey and abide by said Rule 19 and to apply it to all shipments on its line of railway coming within the scope of said Rule.

"That the defendant with the desire that its rights should be adjudicated by the court, filed a return to the Alternative Writ, which return is substantially set forth in 65th Volume of the Reports of the Supreme Court of Florida at page 425, and following, and what was therein set forth is hereby made a part of these pleas.

"That a replication was filed by said Relators and testimony taken, that the determination of the question at issue as aforesaid required the introduction in evidence in said mandamus proceedings of the testimony of a great many witnesses and of many voluminous calculations and papers.

"That none of the said matters and no evidence as to them were before the said Railroad Commission at or before its actions, by which it fines the defendant as set forth in said count, but that it based its fine as appears in the declaration on the answer of the defendant admitting that it had issued its said Supplement No. 6 and No. 7.

"That the said mandamus proceedings was prosecuted with all reasonable speed by said Relators, and that up to the time of the decree therein rendered the said defendant believed said Rule to be invalid and unenforceable.

"That the issue of defendant's Supplement No. 6 to Rate Issue No. 1135 on the 18th day of September, 1914, effective the 18th day of September, A. D. 1914, and of its Supplement No. 7 to Rate Issue 1142 on the 18th day of September, 1914, effective on said 18th day of September, 1914, by which defendant refused to put in operation said Rule 19 as charged in said counts, were made after the filing of said mandamus proceedings and before the said decree of the said Supreme Court of Florida, and that as shown by the said count, the said fines were imposed by the said Florida Railroad Commission after the decree of the said Supreme Court.

"That it was necessary for the defendant to make and promulgate its supplement number 6 and its supplement No. 7 above mentioned, in order that it might test the right of the Railroad Commission to make said Rule 19,

and that without such making and promulgation, it would have been obliged to submit to the deprivation of its rights and the confiscation of its property, as it believed, by yielding without contest to the demands of said Rule 19.

"As under the law of the State of Florida the defendant was liable to a fine by the said Railroad Commission for each and every violation of the said Rule 19, of the same was valid as applied to the defendant, and in the course of business of the defendant, both prior to and in the year 1914 and thereafter there were very numerous shipments made over its line made more than one lines of railway in Florida, and to and over its lines from one or more railways in Florida and coming in the scope of said Rule 19, and it was its duty to receive and transport said shipments, and defendant avers that it was either compelled to obey said rule and charge rates accordingly, to its great loss of earnings or to resist by due resort to the courts the enforcement of said rule and procure a determination by said courts of its validity and enforceability or invalidity and unenforceability, and that the imposition and collection of a fine or fines upon defendant by the said Florida Railroad Commission and thus reduce its earnings during the pendency of the said suit to secure such deterimnation are without due process of law and in violation of the rights of the defendant under the Constitution of the United States."

Demurrers to all the pleas were sustained.

The 6th plea above having been amended was stricken on motion. The amendment to plea No. 6 is covered by the next to the last paragraph of such plea as set out above.

The defendant declined to further plead and final judgment for the plaintiff was rendered, to which the defendant took writ of error.

The statutes of the State contain the following provisions:

"The Railroad Commissioners shall have power "to make reasonable and just joint rates for all connecting carriers doing business in this State as to all traffic passing from the line of one common carrier to another, and to apportion such joint rates between said carriers participating therein." "To prescribe all rules and regulations appropriate for the execution of any of the powers conferred upon them by law either in express terms or by implication." "All rules and regulations made by the Commissioners shall be deemed to be *prima facie* reasonable and just." "If any railroad, railroad company, or other common carrier doing business in this State shall by any officer, agent or employee be guilty of a violation or disregard of any rate, schedule, rule or regulation provided or prescribed by said Commission, or shall fail to make any report required to be made under the provisions of this chapter, or shall otherwise violate any provision of this chapter, such company or common carrier shall thereby incur a penalty for each such offense of not more than five thousand dollars, to be fixed and imposed by said Commissioners after not less than ten days' notice of the charge of such violation or disregard of rate, schedule, rule or regulation or failure to make report or other violation or disregard of the provisions of this chapter, and upon which charge such company or common carrier shall have had an opportunity to be heard by said Commissioners.

"The common carrier charged shall file its defense or defenses in writing under oath, specifically setting forth

each particular defense. The Commissioners may permit amendments to charges and defenses upon such terms and conditions, and with such postponements of hearing, if any, as in their opinion the ends of justice may require. They may also adopt rules to regulate the proceedings before them.

"The said penalty in the amount so imposed, if not promptly paid to the State Treasurer, shall be recovered with interest thereon from the date of the order, in a civil action brought by the said Commissioners in the name of the State of Florida in any county in the State where such violation has occurred, or in any other country through or in which such common carrier runs or does business.

"The declaration shall be deemed sufficient if it recites fully or sets forth the said order in which suit is brought, with an averment that the defendant is indebted to the plaintiff thereon in the amount of the penalty imposed with interest as aforesaid. In such cases there shall be no general issues, but the plea or pleas shall specifically set forth the particular defense or defenses to the action; and no defense which existed prior to the day of hearing before the Commissioners, and which was not made before them, shall be permitted in the action. The fact of the fixing and imposing of such fine by the Commissioners shall constitute prima facie evidence of everything necessary to create the liability or require the payment of the fine or penalty as fixed and imposed, and to authorize a recovery thereon in any action or proceedings brought by the Commissioners, and a copy of the entry in the minute book of the Commissioners of the order fixing and imposing such fine or penalty, certified by the Chairman of the Board of Railroad Commissioners, shall

constitute prima facie evidence of the fact that such fine or penalty was fixed and imposed by the Commission.

"Every fine when imposed by the Commissioners shall be a lien upon the railroad, equipment, boats and real property of the common carrier on which it is imposed except such real property as is not used in the business of transportation.

"The writ of injunction shall lie and obtain in all cases of the violation of any freight or passenger rates, or of any schedule of either, or of any failure or refusal to conform to or enforce or put and keep the same, or any or either, in operation, by any railroad company or other common carrier, to prevent the violation of any such rate or schedule, and to compel any such railroad or common carrier to observe and put and keep in operation the same." Chapter 6527, Acts of 1913; Secs. 2893, 2908, 2924, Compiled Laws, 1914.

"Said Commissioners may, at their discretion, cause to be instituted in any court of competent jurisdiction in this State, by the Attorney General, State Attorney or special counsel, designated by them, in the name of the State, proceedings by or for mandamus, injunction, mandatory injunction, prohibition or procedendo, against any such company or common carrier subject to the provisions of this chapter, or against any office or officer, agent or agents thereof, to compel the observance of the provisions of this Chapter, or any rule, rate or regulation of the Commissioners made thereunder, or to compel the accounting for and refunding of any moneys exacted in violation of any one the provisions of this Chapter. In all cases where any common carrier shall have become indebted or liable for damages to a large number of persons by reason of its failure to abide or comply with the provisions of any rule, rate or regulation of the Commis-

sioners, or by its violation of any provisions of this Chapter, it shall be the duty of the Railroad Commissioners to demand of such common carrier by written notice served upon it, a discovery of the names of all such persons and an accounting and payment to all such persons of all such indebtedness or damages, and if such common carrier shall refuse or shall fail to make such accountings and payments within sixty days after such notice shall have been served upon it, it shall be the duty of the Railroad Commissioners to institute a proceeding or proceedings by or for mandamus or mandatory injunction against such common carrier to compel the making of such accountings and payments, and in any such proceeding upon an adjudication against common carrier there shall be taxed as costs and paid over to the Railroad Commissioners to be paid out by them all such costs, attorneys' fees and expenses of such proceedings as shall appear to the court reasonable under all the circumstances and necessary to effect such accounting and settlement without cost or expense to the State or to the claimants, and the courts shall make all such orders as may be necessary or advisable to secure an accounting and payment of costs and damages as full and complete as may appear to be practicable, and any money not paid over to the persons to whom it shall be due within thirty days after such payment shall have been ordered made, shall be paid into the registry of the Court to be disbursed to the proper persons upon orders of the Court. And said Commissioners are hereby given and granted full authority to do and perform any act or thing necessary to be done to effectually carry out and enforce the provisions and objects of this chapter." Chapter 5616, Acts 1907; Sec. 2921, Comp. Laws, 1914.

Rule 19 contained in the first and second counts and in the fourth plea is as follows:

## " 'JOINT RATES.'

" '19. On intrastate shipments of freight passing over two or more lines, and not governed by Rule 1, no railroad which is a party to the haul shall charge or receive for its services in connection with such equipment more than its maximum rate for the distance hauled by it, less ten per cent., when the entire haul is over two lines, nor more than its maximum rate less twenty per cent., when the entire haul is over three or more lines nor in any instance more than the published rate applicable for the same movement when handled as a one-line haul, but any such rate collected, or received by any such roads as above prescribed, may be divided among themselves by the parties to any such rate in such proportion as may be agreed upon by them.' "

Rule 19, mentioned in the amended sixth plea, is contained in the first and second counts, but it is not referred to in the third and fourth counts of the declaration; and Supplement No. 6 to Rate Issue No. 1135, and Supplement No. 7 to Rate Issue No. 1142, referred to in those counts, are not found in the pleadings.

Assuming that the demurrers to the original pleas were properly sustained, the main contention with reference to striking the amended sixth plea, will be considered.

The statute provides that if a pleading be so framed as to prejudice or embarrass or delay the fair trial of the action, it may be stricken. Sec. 1433 Gen. Stats. 1906, Compiled Laws 1914; State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 53 Fla. 711, 44 South. R. 230.

To authorize the striking of a plea on motion, it must not only be informal and bad, but it must be wholly irrelevant or for some reason improper, Russ v. Mitchell, 11 Fla. 80; Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922.

The grounds of the motion to strike the amended sixth plea are in effect that it appears from the plea that the defense set up, existed prior to the hearing before the Railroad Commissioners when the fine sought to be recovered was imposed, and it is not averred that such defense was made before the Railroad Commissioners, as is required by the statute, and that the plea is duplicitous. The latter ground of the motion to strike the amended sixth plea is not argued here by counsel for the defendant in error. If it be conceded that the first ground of the motion to strike the plea would otherwise be proper, it is not available if the statute does not require the plea to make the suggested averment.

Section 2908, General Statutes of 1906, as amended by Section 12, Chapter 6527, Acts of 1913, provides that in the actions authorized to be brought to recover the penalties imposed by the Railroad Commissioners, "there shall be no general issues, but the plea or pleas shall specifically set forth the particular defense or defenses to the action; and no defense which existed prior to the day of hearing before the commissioners, and which was not made before them, shall be permitted in the action." Sec. 2908, Compiled Laws, 1914.

The quoted enactment does not require a plea to aver that the defense tendered did not exist prior to the hearing before the commissioners when the fine was imposed; or that if they so existed, they were presented at such hearing. The statute apparently does no more than to

enable the plaintiff to reply that the defense was not presented at the hearing when the fines were imposed, or to make such defenses inadmissible if objected to at the trial. The statement in the order of the Railroad Commissioners, Exhibit "C," imposing the fines mentioned in the third count of the declaration, that the defendant company in its answer set forth its reasons why it shoould not be penalized for the infractions charged, indicates that the company may have presented at the hearing when the fines were imposed the defense tendered by the amended sixth plea; and this comports with the averments of the amended sixth plea.

The matters of defense referred to in the sixth plea as not having been "before the said Railroad Commissioners at or before its actions, by which it fines the defendant as set forth in said count," do not relate to the right to test the validity of the rule without being intimidated by onerous fines in violation of organic rights, but to the validity of Rule 19 as an administrative regulation.

However, if the plea tenders no defense, it may be immaterial whether the proper procedure was had in eliminating it.

The defense tendered by the sixth plea is in effect that the fines were imposed for violations of Rule 19 of the rules adopted by the Railroad Commissioners, which the defendant regarded as violative of its constitutional rights, the validity of which rule the defendant with due diligence was contesting in the courts of the State when the rate charges were made in violation of the rule for which the fines were imposed.

A State has power to impose penalties sufficiently heavy to secure obedience to orders of public utility commissions after they have been found lawful or after the parties affected have had ample opportunity to test the validity of administrative orders and failed to do so.

A party affected by a statute passed without his having an opportunity to be heard is entitled to a safe and adequate judicial review of the legality thereof. It is a denial of due process of law if such review can be effected by appeal to the courts only at the risk of having to pay penalties so great that it is better to yield to orders of uncertain legality than to ask the protection of the law. *Ex parte* Young, 209 U. S. 123, 28 Sup. Ct. Rep. 441; Wadley Southern R. Co. v. State of Georgia, 235 U. S. 651, 35 Sup. Ct. Rep. 214; Attorney Gen. of N. Y. v. Con. Gas Co. 212 U. S. 19, 29 Sup. Ct. Rep. 192; Missouri Pac. R. Co. v. Tucker, 230. U S. 340, 33 Sup. Ct. Rep. 961.

Rates, rules, orders and regulations made by the Railroad Commissioners, who are administrative officers, acting under statutory authority, are generally legislative in their nature and have not the attributes of a final judgment or decree of a judicial tribunal; and those who are directly affected by such administrative rates, etc., are under the due process of law clauses of the State and Federal Constitutions, entitled to a judicial review of questions in good faith duly presented, challenging the validity of the administrative action taken, as it affects private property rights. The statutes of this State also contemplate a judicial review of such administrative orders at the suit of the Railroad Commissioners to enforce their rules and orders that are not obeyed in due course. And pending a judicial determination of the validity of the administrative rates, rules, orders, etc.,

which are only *prima facie* valid, the State may not impose such excessive penalties for non-compliance with the challenged rates, etc., as will intimidate the parties complaining from contesting the validity of the rates etc., in due course of judicial proceedings, since that would in effect be a denial of organic rights to equal protection of the laws and to resort to the courts to finally establish the validity or invalidity of the rates, etc., whose legality are challenged. See Wadley Southern R. Co. v. State of Georgia, supra; Attorney General of State of New York v. Consolidated Gas Co., 212 U. S. 19, 29 Sup. Ct. Rep. 192.

The statutes of this State expressly make only *"prima facie* reasonable and just" any action taken by the Railroad Commissioners within their statutory authority; and specifically provide that the rates, rules, orders and regulations made by such commissioners shall by them be enforced in the proper courts of the State, thus providing a prompt method for determining the validity of the administrative orders, etc. No express provision is made in the statutes for those affected by the rates, rules, etc., of the Railroad Commissioners to test their validity in the courts.

It has been held by this Court that where the Railroad Commissioners exceed or abuse the authority and discretion conferred upon them, by making an order that illegally invades the property rights of a railroad company, the illegality of the order is available as a defense in proceedings at law to compel the company to obey the invalid order, or in an action for a statutory penalty for a violation of the order; therefore the remedy at law is adequate, and an injunction will not be granted in the absence of some ground for equitable relief. Louisville

& N. R. Co. v. Railroad Com'rs. 63 Fla. 491, 58 South. Rep. 543, 44 L. R. A. (N. S.) 189.

In view of the statutes and of the decisions of this court, it must be assumed that the statutes contemplate that if those who are to observe the administrative rates, rules and orders of the Railroad Commissioners, duly and reasonably assert the invalidity of the rates, etc., as they affect private property rights, and decline to observe the rates, etc., the Railroad Commissioners shall, in due course and without needless delay, test the validity of their action by invoking appropriate judicial proceedings to enforce the questioned rate, etc. When this is done, those who assert a violation of their organic property rights may contest the enforcement of the challenged rates, rules or regulations.

Rules and Orders of the Railroad Commission are administrative, not judicial, and are not conclusive. They are subject to review by the courts in any appropriate proceeding; and if the defendant reasonably and in good faith regarded the rule, for the violation of which the fines here sought to be enforced were imposed, as an unconstitutional violation of its property rights, it had the privilege of testing the validity of the rule in the courts. And if the defendant proceeded in good faith and with due diligence to make the test in actions brought by the Railroad Commissioners for the enforcement of such contested Rule, heavy fines cannot lawfully be imposed for violations pending such test, where the fines are so onerous as to intimidate the defendant in exercising its right to contest the validity of the administrative rule not having the characteristics of a final judgment, since such action would be a denial to the defendant of the equal protection of the laws, in violation of the

Federal Constitution, if not also a deprivation of property without due process of law in violation of the State and United States Constitutions. Wadley Southern R. Co. v. State of Georgia, *supra;* Ex Parte Young, *supra;* Southwestern Telegraph & Telephone Co. v. Danaher, 238 U. S. 482, 35 Sup. Ct. Rep. 886; State Public Utilities Commission *ex rel.* v. Chicago & W. T. R. Co., 275 Ill. 555, 114 N. E. Rep. 325; Missouri Pac. R. Co. v. State of Nebraska, 217 U. S. 196, 30 Sup. Ct. Rep. 461; Missouri Pac. R. Co. v. Tucker, *supra;* State of Missouri v. C. B. & Q. Ry., 241 U. S. 533.

The State Constitution forbids the imposition of excessive fines. Sec. 8, Declaration of Rights. And also provides that all courts in the State shall be open so that for any injury, there shall be a remedy, by due course of law, and right and justice administered without sale, denial or delay. Sec. 4, Declaration of Rights.

Section 2908, General Statutes of 1906, as amended by Chapter 6527, Acts of 1913, provides that if a railroad company shall be guilty of a violation or disregard of any rate, schedule, rule or regualtions prescribed by the Railroad Commissioners, such company "shall thereby incur a penalty *for each such offense* of not more than five thousand dollars to fixed and imposed by said Commissioners," etc. In view of the express provision of the statute making such rates, schedules, rules or regulations only *prima facie* reasonable and just, and of the organic right of the companies to have the validity of such administrative rates, schedules, rules and regulations, tested in appropriate judicial proceedings, before such rates, etc., may be regarded as conclusively established and binding on the companies, the statutory provision that for a violation or disregard of any rate,

etc., the company "shall thereby incur a penalty *for each such offense,* "apparently has reference to rates, schedules, rules and regulations whose validity is not contested or has been duly established in appropriate judicial pro ceedings. This construction of the quoted statutory provsiion seems appropriate under the rule of interpretation that statutes must be construed with reference to constitutional requirements, that the Legislature must be held to have intended a valid enactment and that a construction that avoids raising doubts as to the constitutionality of the statute should be applied. These rules are particularly applicable to penalty statutes. See Burr v. Florida East Coast Ry. Co., 77 Fla. 259, 81 South. Rep. 464; Langford v. Odom, 77 Fla. 282, 81 South Rep. 469; United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. Rep. 658; U. S. v. Brewery —— U. S. —— Sup. Ct. Rep. —— Jan. 5-20.

These principles of the interpretation may have a bearing upon the provisions of the statute relative to the presentation of defenses in actions to recover fines imposed for violations of such administrative rules, etc., while they are of only *prima facie* validity.

The validity of Rule 19 having been established by a judgment of this court (State *ex rel.* Railroad Comm'rs v. Florida East Coast R. Co., 69 Fla. 480, 68 South. Rep. 729) it may be enforced by direct judicial proceedings or by fines recoverable as provided by the statute; and the statute also provides for enforcing at the suit of the Railroad Commissioners, an accounting and payment of overcharges made in violating the rules of the Commissioners fixing rates. Chap. 5616, Acts 1907; Florida East Coast Ry. Co. v. State, 77 Fla. 571, 82 South. Rep. 136.

Amended sixth plea states a defense. Among other statements, it in effect avers that the alleged infractions of Rule 7 for which the fines here sought to be recovered were imposed, occurred while Rule 19 was only *prima facie* valid, and while its validity was being tested in the courts and before its validity was established by a final judgment of a competent tribunal, and that the making of supplements 6 and 7 to defendants' rate issues in alleged violation of Rule 7, was necessary to test the validity of Rule 19; and that the defendant carrier duly contested the legality of Rule 19 when the Railroad Commissioners sought to enforce it against the defendant company. In view of the statutory provisions for the enforcement of the rules of the Railroad Commissioners, and the absence of specific provision for testing such rules at the suit of the carriers, and in consideration of the rules of procedure in the courts of this State with reference to injunctions agains the Railroad Commissioners where there is an adequate remedy at law by defenses in action brought by them, and in view of the averments as to diligence on the part of the defendant carrier in contesting the validity of the rule, a lack of diligence on the part of the defendant in contesting the validity of the rule does not appear. This holding accords with St. Louis, I. M. & S. Ry. v. Williams, —— U. S. ——, —— Sup. Ct. Rep. ——, decided December 8, 1919; Gulf, Colorado & Santa Fe Railroad Co. v. State of Texas, 246 U. S. 58, 62 L. Ed. 574, Sup. Ct. Rep.

There was error in striking amended sixth plea, for which the judgment will be reversed.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, concur.