**WRATHER et al. v. STATE et al.**
No. 4566.

Court of Civil Appeals of Texas.   Texarkana.
Oct. 20, 1933.

Rehearing Denied Nov. 2, 1933.

Fischer & Fischer, of Tyler, A. A. Garrett, of Overton, and R. E. Prothro, of Tyler, for appellants.

James V. Allred, Atty. Gen., and Neal Powers and A. R. Stout, Asst. Attys. Gen., for appellees.

LEVY, Justice (after stating the case as above).

The controlling inquiry is that of whether or not the special circumstances are such as demand summary relief of the appointment of a receiver of the oil property pendente lite. It is concluded that there is a clear preponderance of evidence considered as a whole, against the propriety of the appointment. The general object of the present receivership is the operation of the oil property, through the progress of the litigation and continuing after final judgment, through a receiver appointed by the court, to prevent persistent acts on the part of the defendant, acting through its authorized representatives, with respect to the operation of the oil property, claimed to be in the nature of fraud, unfair advantage, violations of law, and the violations of certain oil proration orders made by the Railroad Commission to prevent waste of oil and inequitable taking thereof from the common pool. The circumstances as a whole may not be deemed sufficiently satisfying that there was wanton defiance and willful violations of the orders of the Railroad Commission. There was the existence during the period of time in suit of a temporary injunction restraining the Railroad Commission and its employees from carrying into effect certain of the regulations promulgated. The injunction was issued out of a suit in the District Court of the United States for the Eastern District of Texas which the defendant was prosecuting in good faith at-

tacking the validity of the order of the Railroad Commission respecting reports of oil produced and the gauging of oil. And the circumstances seem to show that the methods employed by defendant of records of oil produced and purchased, and of gauging, and of accounting for gross production of oil, reasonably produced accurate results. That the report to the comptroller of public accounts of Texas gave a detailed statement of oil production and purchases for the quarter ending March 31, 1933. That the gross production tax was paid to the comptroller. It does not appear that the comptroller was dissatisfied with the report and the tax paid, or required additional or supplemental reports. That there was no additional report and payment of gross production tax due until July 1, 1933. Article 7071, R. S. That there were no fraudulent or unfair advantages taken in the production of oil or to accomplish fraudulent evasion of the record and accounting of production of oil by resorting to by-passes or schemes or tricks or subterfuges. That the defendant was solvent and able to respond to a personal judgment against it.

■ In the circumstances above it is doubtful that unlawful violations of the orders of the Railroad Commission may be predicated, and penalties provided by the statute imposed, while the defendant was legally attacking the order. Wadley Southern Rwy. Co. v. Georgia, 235 U. S. 651, 35 S. Ct. 214, 59 L. Ed. 405; Gulf, C. & S. F. Rwy. Co. v. Texas, 246 U. S. 58, 38 S. Ct. 236, 62 L. Ed. 574. The statute of Texas gives the defendant the right of judicial review. Section 11f of article 6049a (Vernon's Ann. Civ. St.). Although it does appear quite clearly that the defendant did violate the proration order of the commission and overran the daily allowable amount of oil production, yet such acts, in the absence of fraud or unfair advantage, would not afford ground for the appointment of a receiver. The statute expressly creates and specially gives the remedy of receiver to the Railroad Commission, distinctively as such, for violation of its orders, upon the happening of certain circumstances. Section 11f of article 6049a; Ortiz Oil Co. v. Railroad Commission (Tex. Civ. App.) 62 S.W.(2d) 376.

■ In this connection the present proceeding presents a different situation from, and there is distinguishment between the case of Patton v. State (Tex. Civ. App.) 62 S.W.(2d) 381. In that case the remedy of receiver, independent of statute, and existing in equity, was held allowable at the instance of the state upon the grounds alone of alleged acts on the part of the defendant in the nature of unfair advantage and fraud in the use and in the operation of the oil property persisted in to the harm, injury, and loss of the state in

taxes laid upon the gross production of oil from each oil well. The allegations were taken as true that "the defendant uses numerous subterfuges, tricks, schemes and devices," in the operation of the oil well, in order "to prevent the State of Texas, and its agents and representatives and the Railroad Commission and its employees and representatives from ascertaining the true facts with reference to the amount of oil which the defendant is producing from the property herein." Acts on part of a defendant in the nature of fraud and undue advantage persisted in the use and operation of property of a special character resulting in injury and loss will in general afford equitable ground for the appointment of a receiver. 2 Tardy's Smith on Receivers (2d Ed.) § 516, p. 1517; 53 C. J. § 22, p. 37: 23 R. C. L. § 12, p. 18. In the present proceeding the evidence goes to affirmatively show that no devices or by-passes were used in fraudulent and undue advantage in the use and operation of the oil property.

The order refusing to vacate the appointment of a receiver is reversed, and judgment is here entered dissolving the appointment of a receiver, and the cause is remanded for trial in regular course.