**CROSSMAN et al. v. STATE et al.**
**No. 4565.**

Court of Civil Appeals of Texas. Texarkana.
Oct. 20, 1933.

Rehearing Denied Nov. 2, 1933.

Fischer & Fischer, of Tyler, A. A. Garrett, of Overton, E. S. Weldon, of Henderson, and Saye, Smead & Saye, of Longview, for appellants.

James V. Allred, Atty. Gen., and Neal Powers and Edward Clark, Asst. Attys. Gen., for appellees.

LEVY, Justice.

An interlocutory order appointing a receiver in the cause was entered by the judge of the district court upon the filing of the petition and before issuance of notice to defendants. The defendants presented their motion for a vacation of the order, and, after full hearing upon the facts introduced in evidence by both the defendants and the plaintiffs, the judge refused the motion to vacate. The defendants have appealed, as is authorized by statute, from the refusal of the court to vacate the order appointing the receiver.

The state of Texas, with joinder therein by the Railroad Commission, through the Attorney General of the state, instituted the suit against the appellants, John C. Crossman, D. B. Read, and J. D. Wrather. The nature and purpose of the suit is thus stated in the plaintiff's petition: "That this suit is brought by the State of Texas, joined by the Railroad Commission of Texas, to collect gross production taxes and penalties, to protect the rights of the State of Texas and its citizens, and to enforce the State's property rights." The appointment of a receiver of the property was asked upon the grounds specially alleged. The petition pleaded and set out the statutory duties of the Railroad Commission, and the requirement of the orders of the commission and the statute (Vernon's Ann. Civ. St. art. 6049a, § 11f) that all oil produced should be effectively gauged and measured and reports be made by the producer to the Railroad Commission of all oil produced, delivered, or transported; that the defendants are due and have failed to account to the state for certain gross production taxes on oil; that the defendants have incurred liability for statutory penalties for violation of order of the Railroad Commission. It was alleged, in substance, as far as material to state: (1) That the Railroad Commission promulgated and put into effect certain proration or "allowable" orders of April 22, and of June 13, 1933, which were set out; (2) that the defendants were operating the oil well daily in open defiance of and wantonly and willfully violating the orders of the Railroad Commission and the conservation laws of Texas; (3) that defendants had wantonly and were daily violating an injunction issued May 18, 1933, restraining them from violating the orders of the Railroad Commission; (4) that the unlawful conduct and operation of the oil property constituted a public nuisance that should be abated; (5) that the defendants had daily wasted and depleted the oil well and would do so while in their control; and that the orders of the commission would be set at naught, and the court would be powerless to enforce its injunction and the laws unless a receiver was appointed to take control and operate the oil property. The same allegations that were in the cases of Ortiz and of Patton (62 S.W.(2d) pages 376, 381) were also made in this case.

The defendants pleaded, as grounds for vacation of the order, in substance: (1) That they had fully paid all gross production tax due to the state; (2) that they have not and do not use subterfuges, schemes, or devices in the operation of the oil property; (3) that they were not liable for penalties for acting in good faith they had filed and were prosecuting a suit in the District Court of the United States for the Eastern District of Texas, attacking the legal validity of the proration orders of the Railroad Commission; (4) that the phraseology of the Conservation Act is too vague and uncertain to predicate the enforcement of the penalty provision of the statute; (5) that the proration orders of the Railroad Commission were null and void for the reason that their operation and effect had no relation to the prevention of waste.

A producing oil well, called Thrash Well No. 1, is located on the Afton Thrash Lease, Pru survey, in Rusk county, Tex. That is the oil well involved in the present suit. The defendants D. B. Read and J. D. Wrather purchased the oil property on March 3, 1933, and they are the beneficial owners. The defendants Read and Wrather by agreement with the defendant John C. Crossman placed in him the legal title to the property and he was to hold it in trust for them. That appears in evidence to be the rightful ownership of the property. The present suit was filed and the receiver was appointed on June 21, 1933. The defendants were shown to be fully solvent and financially able to presently pay a money judgment in the cause.

The Railroad Commission of Texas, in the exercise of its power of conservation and prevention of waste of crude oil, passed and promulgated a special order on April 22, 1933, in regulation of the East Texas oil field, which includes Rusk county, allocating to the various oil wells therein, the maximum amount of oil to be produced. The owner or operator or manager of each well was permitted by the order to produce daily from the well, and no more, "a maximum of fifteen per cent of its average hourly potential producing capacity as determined by the Commission." That amounted to "forty barrels per day" as "the allowable production of the well under the order of April 22, 1933." In the previous order, promulgated in March, 1933, "the potential was much lower than the April order," and amounted to about

thirty barrels per day. Thereafter, on June 13, 1933, before 'the filing of this suit on June 21, 1933, the order of April 22, 1933, was amended by the Railroad Commission so as to limit the daily production of oil to "a maximum of ten per cent of its average hourly producing capacity."

It was proven by defendants that they, joined by others, filed on May 18, 1933, a bill of complaint in the District Court of the United States, Eastern District of Texas, Tyler Division, wherein they directly attacked the order of the Railroad Commission of April 22, 1933, and seeking a judicial determination of the validity of same, alleging the unconstitutionality for various reasons set forth. A temporary injunction was asked in that suit by the plaintiffs but the same was at a later date denied by the judge. This action in the United States District Court was pending for trial on the merits, and being duly prosecuted by the complainants at the time of filing of the present suit.

There is evidence offered by the state going to show violations of the rules and order of the Railroad Commission; that the oil well at times was operated without the burning of a flare, which constituted a fire hazard; that at times the two oil tanks did not have seals on them; "that quite often they would run oil in one tank and run it out (at the same time) and switch it to another." However, it was affirmatively proven by defendants that "there was not any other connection of any kind to that well except the connection used for pumping the oil through. There are not any other connections since (the defendants) have been in charge of the well. There are not any tricks and devices or things of that kind out there on that well. The receiver, since he took charge of the property, has used the same connections that were being used prior to that time." That there was a correct gauge of all oil produced.

The evidence of the state affirmatively shows that the defendants daily overrun the allowable amount of oil to be produced by the well. The defendants admitted in the evidence that they had produced oil in excess of the proration orders. The undisputed evidence further shows that the gross production commencing with March 3, 1933, the date the defendants purchased the oil property, and up to March 30, 1933, being within the first quarter of the year, was reported under oath to the comptroller's department of the state of Texas. On May 24, 1933, the production tax with the interest and penalty was paid by defendants by check. There appears in the evidence the comptroller's certificate showing report and full payment of the production tax with the penalty and interest added. It does not appear in the evidence that the production tax for the overrun of oil above the allowable amount, admitted by defendants to have been done, for April and May, 1933, has been paid to the state. Its nonpayment was accounted for as not being due to be paid until July, 1933. It was stated by the defendant Read that the defendants intend to "pay the gross production tax on oil in excess of the allowable the same as they do the allowable."

It was proven by the state that on May 18, 1933, on the petition and at the instance of the Railroad Commission, a temporary injunction was issued by the district judge, restraining the defendants and the operators of the oil well from producing oil in excess of the allowable in violation of the orders of the Railroad Commission. A written notice of the issuance of the injunction was delivered to an employee of the defendants who worked at the oil well. No citation appears to have been issued. The defendant Read denied that he knew of the injunction before June 1, 1933. The defendant Read, on cross-examination by the state, testified:

"Q. You don't intend to abide by any proration order in regard to fixing the amount of production if you can get out of it? A. When the court holds we have a valid order, I will.

"Q. Until it is held valid you are going to run as much as you can? A. I don't say what I will do.

"Q. You never have abided by any in the past? A. I have at times.

"Q. But most of the time you haven't? A. I guess my record of gross production tax shows that I haven't been trying to hide what I have been doing."

He further stated that when the federal judge denied the temporary injunction asked for in the suit filed attacking the validity of the order by the Railroad Commission of April 22, 1933, that he instructed the employees "not to violate that order" (of April 22, 1933).

The above statement reflected by the record is sufficient, as we conclude, for the determination of the points for review.

 It is concluded that the circumstances of the present case are similar to the case of J. D. Wrather et al. v. State of Texas et al. (Tex. Civ. App.) 65 S.W.(2d) 383, this day decided and the ruling would be applicable and govern. The opinion in that case is here adopted.

The order refusing to vacate the appointment of receiver is reversed, and the appointment of receiver is dissolved, and the cause remanded for trial in regular course.