CARROLL, Judge.
By an information the appellant was charged in each of eight counts with practicing dentistry or dental hygiene in this state without a license, in violation of provisions of Ch. 466 Fla.Stat., F.S.A. The defendant was convicted on seven counts, and appealed.
Each of the counts charged such an offense had occurred on a given (separate) date in the month of June 1972. Three counts alleged treatment by the defendant of one Roberto Artola on the respective dates of June 21, June 26 and June 29. Five other counts alleged the defendant so treated one Thor Behrens, on the respective dates of June 8, 9, 10, 13 and 21. It appears those individuals were employed by the State Board of Dentistry as decoys to seek such treatment by the appellant, in order to obtain evidence upon which to prosecute him.
The defendant was found and adjudged guilty of “unlawful practice of dentistry” on seven of the counts. He was sentenced on count one to imprisonment in the Dade County jail for a period of three months, and on count two to imprisonment in the county jail for a like period to be served at the expiration of the sentence on count *677 one. On the other five counts under which the defendant was adjudged guilty, he was placed on probation for a period of five years.
This appeal by the defendant was maintained without counsel. We have considered the contentions presented by the appellant in seeking reversal of the judgment and find that no prejudicial error has been shown for reversal of his conviction. The record does not contain a transcript of the testimony and the trial proceedings. In the absence thereof it could not be shown here, even if such were the case, that his conviction was not supported by competent substantial evidence.
Accordingly we affirm the judgment. However, acting as authorized by Rule 6.-16, subd. a F.A.R., 32 F.S.A., upon reviewing the sentences we hold they are improper for the reasons set out below. The applicable penalty provided in the statute (§ 466.42 Fla.Stat., F.S.A.) is that a person who shall practice dentistry or dental hygiene in this state within the meaning of Ch. 466 without having first obtained and recorded a license certificate from the Board “shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083 or § 775.084”. A person who has been convicted of a felony in the third degree may be punished “by a term of imprisonment in the state penitentiary not exceeding five years” under § 775.-082(4) (c) Fla.Stat., F.S.A., or by a fine not to exceed $5,000 under § 775.083(2).
Thus Chapter 466 Fla.Stat., F.S.A. provides a penalty for practice of dentistry without a license in violation of the statute, but the chapter does not contain any provision to the effect that each and every day of a period in which such practice is found to have been in progress shall constitute a separate offense for which the penalty prescribed for practicing dentistry without a license shall be applied and imposed.
Here, the first visit of one of the decoys for treatment by the defendant furnished evidence sufficient upon which to charge and convict him of practicing dentistry without a license (as shown by the separate judgment of conviction of the defendant on the first count, based on that evidence). The subsequent decoy visits served to furnish additional evidence that the defendant was engaging in such practice without a license.
In this instance decoys were sent in seven or eight different days, and separate charges, convictions and penalties were imposed for each of such dates. Upon applying that theory the Board presumably could have obtained such evidence on every working day for an extended period, such as thirty days, before taking any action against the unsuspecting “practitioner”. If that had been done, then on the basis followed in this instance the defendant could have been charged with and convicted of a separate violation of the statute for each of such thirty days for which he could have been imprisoned, by sentences to be served consecutively, for a total of 150 years, for a single period of unauthorized practice during which his activity was not challenged. That example points out the problem presented here, where if the maximum imprisonment sentences were imposed, to be served consecutively, the aggregate period of confinement could have been thirty-five years, patently excessive and disproportionate to an offense consisting of the violation of a statutory regulatory provision.
Construction or application of the statute to provide for and permit conviction and imposition of the prescribed penalty for each day of a period for which evidence can be produced that one engaged in the practice of dentistry without a license, gives the penalty provision of the statute a meaning and effect in conflict with the Declaration of Rights (Art. I, § 17 Fla. Const. 25A, F.S.A.) by which cruel or unusual punishment is forbidden.
The prohibition in the declaration of rights against cruel and unusual punish *678 ment which primarily is directed to legislative enactments providing for or enabling the imposition of such prohibited punishments, is applicable also where the punishment provided is disproportionate to the offense. See Chavigny v. State, Fla.App. 1959, 112 So.2d 910, 915; Brown v. State, 152 Fla. 853, 13 So.2d 458, and concurring opinion of Justice Chapman, pp. 462-463.
In Amos v. Gunn, 84 Fla. 285, 94 So. 615, 641, in speaking with reference to excessive fines, which the Declaration of Rights likewise forbade, the Supreme Court said:
“The discretionary power of the lawmaking department to impose fines to redress wrongs done is limited only by the organic provisions requiring due process and equal protection of the laws to be observed and forbidding excessive fines to be imposed. Fines may be excessive within the prohibitions of the Constitution when they are so great or numerous as to shock the conscience of reasonable men, or are patently and unreasonably harsh or oppressive as penalties for the wrongs sought to be redressed, or so great or numerous as to intimidate persons in asserting their rights to test the validity of laws or regulations which they may be required to observe, and thereby to deny due process and equal protection of the laws. See Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S. 932, 14 Ann.Cas. 764; Florida East Coast Ry. Co. v. State, 79 Fla. 66, 83 So. 708.”
In the instant case the investigation and evidence obtained by the Board informed it that the defendant was engaged in the practice of dentistry without a license. Under the statute he was subject to prosecution therefor, and to imposition of a penalty as provided for one (third degree) felony, not for seven. He was not subject to separate conviction and penalty for every day, or for the separate days of the period for which it could be shown he may have so engaged in the practice without a license. This does not mean that separate and distinct periods of practice without a license could not constitute separate offenses under the statute.
For the reasons stated, the judgment is modified and amended to adjudge the defendant guilty of a single offense of unlawful practice of dentistry, and as so amended is affirmed. The sentences are set aside, and the cause is remanded to the trial court with direction to impose one sentence, which, in fairness to the defendant, should not be greater than was imposed previously by the trial court on any one count.
It is so ordered.