MRS. L. WILKINSON, and her husband, I. I. WILKINSON, *Appellants*, vs. C. C. WOODWARD and JOHN STEVENS, etc., *Appellees*.

141 So. 313.

Division A.

Opinion filed May 2, 1932.

*Fred Cubberly, Zach H. Douglas, Parks M. Carmichael* and *Robt. W. Weed*, for Appellants;

*Cary D. Landis*, Attorney General, and *Roy Campbell*, Assistant, for Appellees.

BUFORD, C.J.—Appellants filed bill in chancery to enjoin the defendants, C. C. Woodward as State Game and Fresh Water Fish Commissioner and John Stevens as

Game Warden, from enforcing the provisions of Chapter 13644 Acts of 1929 by seizing and destroying certain nets used by the complainants in catching and taking fish from a certain lake known as Newnans Lake, in Alachua County, Florida, the complainants claiming to own the bottoms under the waters in which the nets were alleged to have been set for the purpose of catching fish. It is alleged that the lake is a large body of fresh water several miles in extent; that it has never been meandered by an official survey; that it is fed by springs and streams emptying into the lake but that there is no outlet from the lake into any navigable river or bay.

The complainants do not claim to own all of the bottoms of said lake, nor is there any allegation that the bottoms which they do claim to own are segregated and set off from the remainder of the bottoms of said lake by any substantial fence of enclosure. Neither do the complainants by the allegations of the bill show that the waters of the lake in which the nets and boats were being used and were seized were excluded from the provisions of Chapter 13644 under the terms of section 23 of that Act.

The fish in the lake here under consideration come clearly within the protection provided by chapter 13644 Acts of 1929. Section 25 of that Act authorizes the seizure and forfeiture of any trap, net or fishing device being illegally used in any of the fresh waters of the State of Florida. The section provides the method under which the forfeiture shall be accomplished.

In this case there was demurrer to the bill of complaint which demurrer was sustained, and application for temporary injunction was denied, whereupon entry of appeal was filed in the Court.

The appellants allege in their bill of complaint that the defendants have entered upon the premises of the complainants and have seized and destroyed certain prop-

erty consisting of boats and nets belonging to the complainants without process of law.

It is well settled that injunction will not lie to enjoin that which has already been done. The relief for that wrong, if any, is in a court of law.

The complainants contend that section 25 of chapter 13644 is unconstitutional because of its derogation and violation of section 16 of Article III of the Constitution, but the complainants in their brief have failed to point out wherein this section of the Act offends against the constitutional provision and we are unable to observe wherein such infirmity lies. In construing a like Act, this Court in the case of Douglas vs. Smith, 66 Fla. 460, 63 Sou. 844, held:

"The provision for the forfeiture of the seines, nets, boats, etc., used in violation of Section 3771 is not to be regarded as a penalty, but as a method of breaking up illegal fishing and for the protection of fish, in the exercise of the police power of the State."

The allegations contained in the bill of complaint are insufficient to warrant the issuance of injunction.

The demurrer was properly sustained and the order appealed from should be affirmed. It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.