341 So.2d 1041 (1977)
QUADOMAIN CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
Nathan POMERANTZ et al., Appellees.
No. 76-830.
District Court of Appeal of Florida, Fourth District.
January 21, 1977.
Rehearing Denied February 22, 1977.
Barry A. Mandelkorn, of Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, for appellant.
Patricia S. Levey, of Chonin & Levey, Miami, for appellees-Pomerantz.
DOWNEY, Judge.
This is an interlocutory appeal from an order granting appellees a temporary injunction without bond.
Appellees sued to enjoin appellants from terminating a Management Agreement between the appellant condominium association and a management firm that supervised and managed the common elements at the expense of the association. Appellees' *1042 Purchase Contract had guaranteed that the appellees' share of the common expense would not increase more than 5% in any one year until the termination of the Management Agreement. Appellees' complaint alleged that appellants terminated the Management Agreement, and that the termination would result in the elimination of the 5% annual limitation on the increase in common expenses. The complaint further alleged that the termination of the agreement is detrimental to the apartment unit owners and beneficial only to appellant.
After notice and a hearing the trial court entered an order temporarily enjoining appellant from filing a lien on appellees' apartment as long as appellees paid their share of the common expenses "pursuant to the five percent (5%) provision in page one of their contract... ." Said order also restrained appellant from filing a lien against appellees' property for any increased amount claimed due by appellant to meet its budgetary needs.
Our study of the briefs and record convinces us that the temporary injunction was improvidently entered. First, an injunction does not lie to prohibit an act which has already been committed. The complaint under review (or petition as it is styled) alleged that the act sought to be prohibited had already taken place, Wilkinson v. Woodward, 105 Fla. 376, 141 So. 313 (1932).
Next, and perhaps most importantly, neither the complaint nor the evidence adduced in support thereof demonstrated facts tending to show any irreparable harm. The complaint simply alleged that "petitioners will suffer immediate and irreparable harm if the Respondents and/or either of them are permitted to terminate the Management Agreement." The cases are legion which hold that such a general allegation of irreparable harm is insufficient and that a complaint must allege facts tending to show irreparable harm. See cases cited at 17 Fla.Jur., Injunctions, § 21.
Appellant's second point that it was error to grant the temporary injunction without a bond becomes moot in view of our conclusion that the temporary injunction should not have been granted. However, in passing we note that there is no authority for a trial court to enter a temporary injunction without a bond under the circumstances of this case. Fla.R.Civ.P. 1.610(b); Hoffman v. White, 235 So.2d 43 (Fla.4th DCA 1970); McGovern v. Amira, 328 So.2d 862 (Fla. 4th DCA 1976).
Accordingly, the order appealed from is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
MAGER, C.J., and DAUKSCH, JAMES C., Jr., J., concur.