ON MOTION FOR REHEARING AND CLARIFICATION
PER CURIAM.
The opinion of the Court dated May 25, 1984, is withdrawn, and the following opinion is substituted therefor.
This is an interlocutory appeal from an order granting a' temporary injunction brought pursuant to Rule of Appellate Pro *1070 cedure 9.130(a)(3)(B). We agree with appellants’ contention that appellees’ application for temporary injunction is insufficient because it fails to set forth clearly, definitely and unequivocally sufficient factual allegations to support appellees’ conclusion of “irreparable damage” necessary to warrant intervention of a court of equity. Cramp v. Board of Public Instruction of Orange County, 118 So.2d 541 (Fla.1960); F.V. Investments, N.V. v. Sicma Corp., 415 So.2d 755 (Fla. 3d DCA 1982); Quadomain Condominium Association v. Pomerantz, 341 So.2d 1041 (Fla. 4th DCA 1977); First National Bank in St. Petersburg v. Ferris, 156 So.2d 421 (Fla. 2d DCA 1963). For this reason we conclude that the temporary injunction was improperly entered. Accordingly, we reverse the order with directions to dissolve the temporary injunction issued pursuant to such application.
Additionally, we note that the order as rendered is improper and provides an additional ground for reversal because it lacks any specific reasons for entry of the temporary injunction as required by Florida Rule of Civil Procedure 1.610(d). F.V. Investments, N.V. v. Sicma Corp.; Seashore Club of Atlantic City v. Tessler, 405 So.2d 767 (Fla. 4th DCA 1981). We further note that earlier in these proceedings this court entered an order striking this point from our consideration. Our order was predicated upon the parties’ assertions that a transcript and an amended order with specific findings of fact would be provided to this court and that, therefore, this issue would be moot. However, neither the transcript nor such an amended order was ever presented to this court. Therefore, we are unwilling to use the error of the defective order as an additional ground for reversal because of our prior ruling in this case. The motion for rehearing and clarification is granted to the extent of this opinion and otherwise denied.
OTT, A.C.J., and DANAHY and LEHAN, JJ., concur.