521 So.2d 357 (1988)
MID-FLORIDA AT EUSTIS, INCORPORATED, Appellant,
v.
Noel E. GRIFFIN, Jr., Appellee.
No. 87-466.
District Court of Appeal of Florida, Fifth District.
March 10, 1988.
Robert F. Vason, Jr. of Potter and Vason, Mount Dora, for appellant.
Benjamin J. Cox of Cauthen, Robuck, Hennings, Milton, Oldham and Cox, Tavares, for appellee.
SHARP, Chief Judge.
Mid-Florida at Eustis, Inc. appeals from a temporary injunction entered against it on February 2, 1987. This court has jurisdiction. Fla.R.App.P. 9.030(b)(1)(B) & 9.130(a)(3)(B). We quash the injunction.
The dispute in this case arose out of Mid-Florida's construction of a fence and dirt barrier between its property, which was used as an airport, and Noel E. Griffin, Jr.'s properties, which were leased to two enterprises. These enterprises, a parachute school and an aircraft maintenance business, are dependent, in part, upon use of the airport property and access thereto. The trial court ruled that regardless of the merits of the case, the lessee businesses would suffer irreparable harm unless an injunction were granted to maintain the status quo. Accordingly, it mandated removal of the fence and barriers, and required that access for aircraft from Griffin's properties to the airport be maintained.
Prior to issuing a temporary injunction, a trial court must be certain that the petition or other pleadings demonstrate a prima facie, clear legal right to the relief requested. See, e.g., Oxford International Bank and Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3rd DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980). It must appear that the petition has a substantial likelihood of success, on the merits. Heavener, Ogier Services, Inc. v. R.W. Florida Region, Inc., 418 So.2d 1074 (Fla. 5th DCA 1982); Russell v. Florida Ranch Lands, Inc., 414 So.2d 1178 (Fla. 5th DCA 1982). The establishment of a clear legal right to the relief requested is an essential requirement prior to the issuance of a temporary injunction. *358 Reinhold Construction, Inc. v. City Council for City of Vero Beach, 429 So.2d 699 (Fla. 4th DCA 1983); Heavener.
We have reviewed the pleadings in this cause and conclude that appellee failed to allege any legal basis for seeking court ordered access to the appellant's airport properties. Appellee pled only nuisance and access rights pursuant to a presumptive easement. We find no legal basis to enforce access to appellant's property based on a continual use permit or on the fact that the property is zoned for use as an airport. Nor is the finding of a prescriptive easement warranted, as appellee's tenants' rights of access were based upon leases between the parties. See, Crigger v. Florida Power Corporation, 436 So.2d 937 (Fla. 5th DCA 1983).
Accordingly, we vacate the injunction and remand for further proceedings.
COBB and DANIEL, JJ., concur.