634 So.2d 750 (1994)
City of JACKSONVILLE, Florida, and Capsigns, Inc., Appellants,
v.
NAEGELE OUTDOOR ADVERTISING CO., Sam E. Newey, Les Loggins Advertising & Public Relations, Inc., Junior Posters of North Florida, Inc., Universal Outdoor, Inc. d/b/a Atlantic Outdoor Advertising, Inc., a Florida corporation, L.I. Gefen d/b/a SLG Investments, Anastasia Advertising Art, Inc., Walter Brazil d/b/a B & B Outdoor Advertising, Ed Yates d/b/a Billboard Consultants, Wil Wes Rappaport, Tracy Rappaport and Dare Hawkins d/b/a Classic Outdoor Advertising, First Coast Outdoor Advertising Inc., a Florida corporation, Whiteco Metrocom, a division of Whiteco Industries, Inc., a foreign corporation, James M. Wynn, and Tri-State Systems, Inc., a foreign corporation, Lois I. Gefen, and National Advertising Co., Appellees.
No. 93-381.
District Court of Appeal of Florida, First District.
March 30, 1994.
Rehearing Denied May 5, 1994.
*751 Charles W. Arnold, Jr., Gen. Counsel, Steven E. Rohan, Chief Trial Counsel, Stephen M. Durden, Loree L. French, and Tracey I. Arpen, Jr., Asst. Gen. Counsel, Jacksonville, for appellant City of Jacksonville.
Linda C. Ingham of Marks, Gray, Conroy & Gibbs, P.A., William D. Brinton of Allen, Brinton & Simmons, P.A., Jacksonville, for appellant Capsigns, Inc.
Raymond Ehrlich, George E. Schulz, Jr., and Scott D. Makar of Holland & Knight, Tallahassee, Richard E. Davis, Holland & Knight, Tampa, Richard D. Norton of Berger & Norton, Santa Monica, CA, for appellees Lois I. Gefen and Nat. Advertising Co.
John M. McNatt, Jr., Susan S. Oosting, and Jack W. Shaw, Jr., of Osborne, McNatt, Shaw, O'Hara, Brown & Obringer, Jacksonville, Eric M. Rubin, Jeffrey Harris, Walter E. Diercks, and Steven J. Stone, Washington, DC, for appellees Naegele Outdoor Advertising Co., Sam E. Newey, and Les Loggins Advertising & Public Relations, Inc.
John M. McNatt, Jr., Susan S. Oosting, and Jack W. Shaw, Jr. of Osborne, McNatt, Shaw, O'Hara, Brown & Obringer, Jacksonville, for appellees Junior Poster of North Florida, Inc., Universal Outdoor, Inc. d/b/a Atlantic Outdoor Advertising, Inc., L.I. Gefen d/b/a SLG Investments, Anastasia Advertising Art, Inc., Walter Brazil d/b/a B & B Outdoor Advertising, Ed Yates d/b/a Billboard Consultants, Wil Wes Rappaport, Tracy Rappaport, and Dare Hawkins d/b/a Classic Outdoor Advertising, First Coast Outdoor Advertising, Inc., Whiteco Metrocom, James M. Wynn, and Tri-State Systems, Inc.
BENTON, Judge.
In conformity with Florida Rule of Appellate Procedure 9.130(a)(3)(B), the City of Jacksonville (City) appeals a nonfinal order granting plaintiffs' motions for temporary injunctive relief. The trial court entered the temporary injunction under Florida Rule of Civil Procedure 1.610(a), after notice and an evidentiary hearing, in the course of litigation initiated by appellees in the court below. We reverse the order granting plaintiffs' motions for temporary injunctive relief, and quash the temporary injunction.
In dispute is the fate of certain outdoor advertising signs owned or leased by appellees *752 within the City. Capsigns, Inc., a nonprofit corporation, helped organize a petition drive to place on the ballot an amendment to the City's charter restricting outdoor advertising. In 1987, the charter was in fact amended as a result of the referendum, although plaintiffs below (appellees here) have called into question the legality of the amendment, citing Holzendorf v. Bell, 606 So.2d 645 (Fla. 1st DCA 1992), and other cases.
The original charter amendment authorized a five-year "amortization period" ending June 1, 1992, during which targeted outdoor advertising signs were allowed to stand, before removal. Only as the fourth year came to a close did the first of the plaintiffs below file in circuit court to block action by the City. Most of the plaintiffs filed still later, once the City began "tagging" signs. Claiming irreparable harm if the signs should be removed, the plaintiffs sought broad injunctive relief pending the outcome of the litigation. They asked the trial judge, before whom all four lawsuits were consolidated, to enjoin enforcement against them of pertinent City ordinances and charter provisions.
In a series of some ten ordinances since 1987, the City has made repeated efforts to accomplish the charter amendment's objectives. Effective June 30, 1992, moreover, the Legislature enacted a superseding City charter containing the very language voted on in the 1987 amendment. Ch. 92-341, § 1, at 130, Laws of Fla. Like the original charter amendment, these measures contain provisions requiring the removal of certain signs and authorize substantial fines ($500 per day) for failure to comply. As appellees' counsel conceded at oral argument, appellees must demonstrate a vitiating infirmity in each of these provisions in order to prevail on the merits.
In the order under review, entered on December 29, 1992, the court below granted all injunctive relief requested by any plaintiff. The court enjoined the City from removing any of the plaintiffs' signs, enforcing the challenged ordinances or charter provisions against plaintiffs or their lessors,[1] threatening to enforce the challenged provisions against them, "[e]nforcing those provisions ... that the City contends permit the ... impositions of fines, penalties or sanctions for failure to remove signs ... [and a]ccruing the penalties provided for in ... the Charter ... from June 1, 1992 ... against the Plaintiffs or the owners of the real property upon which Plaintiffs' signs are located during the pendency of this action."

Procedural Requirements Not Met
Even after hearing and notice, a temporary injunction[2] is properly entered only in certain well-defined circumstances. As we said in Thompson v. Planning Commission, 464 So.2d 1231 (Fla. 1st DCA 1985):
[T]he issuance of a preliminary injunction is an extraordinary remedy which should be granted sparingly, which must be based upon a showing of the following criteria: (1) The likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) considerations of the public interest. See Islandia Condominium Association, Inc. v. Vermut, 438 So.2d 89 (Fla. 4th DCA 1983); Playpen South, Inc. v. City of Oakland Park, 396 So.2d 830 (Fla. 4th DCA 1981).
Here the trial court perceived "sufficient testimony and other evidence of" irreparable *753 harm and the unavailability of an adequate remedy at law, and concluded that unspecified "public interest considerations favor the issuance of an injunction."
The order under review acknowledges that entry of a temporary injunction "generally requires" a showing of a "substantial likelihood of success on the merits." But the order also cites Bailey v. Christo, 453 So.2d 1134 (Fla. 1st DCA 1984), for the proposition that a temporary injunction need not be supported by a finding of a substantial likelihood of success, and states:
Whether the remaining requirement that Plaintiffs demonstrate a substantial likelihood of success on the merits has been met will not be decided at this time. The controversy that is the subject matter of this litigation dates back at least to 1986. The issues involved are extremely important to parties and the community. The Plaintiffs have presented substantial facts and law in support of their position. The Defendants likewise have presented substantial facts and law in defense to the Plaintiffs' claims. The merits of these positions should be decided after trial.
The preliminary injunction in Bailey required Bailey to operate a night club and disburse a fraction of gross revenues to Christo during the pendency of a lawsuit Christo brought against Bailey. Since Bailey's answer had admitted Christo's co-ownership of the enterprise, the substantial likelihood that Christo would obtain some relief on the merits must have been clear to all. Entered to prevent waste of an asset, the preliminary injunction was upheld on appeal on that basis, without reference to the likelihood of success on the merits.
In the course of the Bailey opinion, we said that a temporary injunction pending final hearing "may be granted if the totality of circumstances warrant," at 1137 (citation omitted), see also Cordis Corp. v. Prooslin, 482 So.2d 486, 491 (Fla. 3d DCA 1986); Davis v. Joyner, 409 So.2d 1193, 1195 (Fla. 4th DCA 1982), but we in no way meant to suggest that traditional equitable rules could be selectively jettisoned, or that a temporary injunction should ever be entered in the absence of a substantial likelihood that the party seeking the injunction is entitled to relief on the merits. Such a likelihood is required under Florida law. Our decision in Bailey v. Christo, supra, antedated our decision in Thompson v. Planning Commission, supra.
A substantial likelihood of success on the merits is shown if good reasons for anticipating that result are demonstrated. It is not enough that a merely colorable claim is advanced.
Prior to issuing a temporary injunction, a trial court must be certain that the petition or other pleadings demonstrate a prima facie, clear legal right to the relief requested. See, e.g., Oxford International Bank and Trust, Ltd. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3rd DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980). It must appear that the petition has a substantial likelihood of success, on the merits. Heavener, Ogier Services, Inc. v. R.W. Florida Region, Inc., 418 So.2d 1074 (Fla. 5th DCA 1982); Russell v. Florida Ranch Lands, Inc., 414 So.2d 1178 (Fla. 5th DCA 1982). The establishment of a clear legal right to the relief requested is an essential requirement prior to the issuance of a temporary injunction. Reinhold Construction, Inc. v. City Council for City of Vero Beach, 429 So.2d 699 (Fla. 4th DCA 1983); Heavener.

Mid-Florida at Eustis, Inc. v. Griffin, 521 So.2d 357 (1988). Not without force, the City argues that the trial court's conclusion that it has "presented substantial facts and law in defense" precludes a temporary injunction.[3]
If it is to be subject to meaningful review, an order granting a temporary injunction must contain more than conclusory legal aphorisms. Appellate review of temporary injunctions is a matter of right. Fla. R.App.P. 9.130(a)(3)(B). Florida Rule of Civil Procedure 1.610(c) provides simply that "[e]very injunction shall specify the reasons *754 for entry." Court commentary to the 1984 rule amendment makes clear, however, that the rule retains the "requirement of findings and reasons." The cases also establish the necessity to do more than parrot each tine of the four-prong test. Facts must be found. Seashore Club of Atlantic City, Inc. v. Tessler, 405 So.2d 767, 768 (Fla. 4th DCA 1981). An "application for temporary injunction is insufficient ... [if] it fails to set forth clearly, definitely and unequivocally sufficient factual allegations to support ... [the] conclusion of `irreparable damage' necessary to warrant intervention of a court of equity." Swensen v. Lofton, 457 So.2d 1069, 1070 (Fla. 2d DCA 1984) (citations omitted). Clear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a preliminary injunction.

Premature Adjudication Improper
Whether the plaintiffs are liable for penalties for failure to remove outdoor advertising signs is a question lying at the heart of the main litigation. To the extent the order granting plaintiffs' motions for temporary injunctive relief may be read to apply retroactively to relieve the plaintiffs of responsibility for fines already incurred, it prematurely adjudicates "material points in controversy," City of Miami Beach v. State ex rel. Taylor, 49 So.2d 538 (Fla. 1950), that are not properly decided until the parties can be heard on the merits. "A decree cannot be violated in advance of its entry and it cannot be made retroactive so as to establish a violation by the acts of parties committed before the decree was entered." South Dade Farms v. Peters, 88 So.2d 891, 900 (Fla. 1956).
Whether prohibitory or mandatory, an injunction is prospective. "[A]n injunction does not lie to prohibit an act which has already been committed." Quadomain Condominium Ass'n, Inc. v. Pomerantz, 341 So.2d 1041, 1042 (Fla. 4th DCA 1977). "It is well settled that injunction will not lie to enjoin that which has already been done." Wilkinson v. Woodward, 105 Fla. 376, 141 So. 313 (1932). "[A]n injunction will lie only to restrain ... future injury, since it is impossible to prevent what has already occurred." City of Coral Springs v. Florida Nat'l Properties, 340 So.2d 1271, 1272 (Fla. 4th DCA 1976). The trial court's stated objective of preserving the status quo is not served by a decree invalidating penalties already imposed.
Pending the outcome of litigation, the trial court's order enjoins not only enforcement, but also accrual, of the fines called for by ordinances and charter alike. Enjoining accrual, as opposed to enforcement pendente lite, adjudicates material points in controversy in much the same way that enjoining collection of past fines does.
The purpose of a temporary injunction is to preserve the status quo until a final hearing when full relief may be granted. Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365 (Fla. 4th DCA 1968). A preliminary injunction does not decide the merits of the case unless (1) the hearing is specially set for that purpose, (2) the parties have had a full opportunity to present their cases, University of Texas v. Camenisch, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981), and a denial of a preliminary injunction or reversal of an order granting same does not preclude the granting of a permanent injunction at the conclusion of a full hearing. Hialeah, Inc. v. B & G Horse Transportation, Inc., 368 So.2d 930 (Fla. 3d DCA 1979).
Ladner v. Plaza Del Prado Condominium Ass'n, 423 So.2d 927, 929 (Fla. 3d DCA 1982). There has not yet been a "full hearing" in the present case. Whether appellees or any of them are liable for penalties under one or more ordinances or charter provisions depends on who prevails on the questions that comprise the merits of the lawsuit.
"Because a party is not required to prove his case in full at a preliminary injunction hearing, the findings of fact and conclusions of law made by the court at that hearing are not binding at the trial on the merits. University of Texas v. Camenisch, 451 U.S. at 395, 101 S.Ct. at 1833." Ladner v. Plaza Del Prado Condominium Ass'n, 423 So.2d 927, 929 (Fla. 3d DCA 1982). Among appellees' contentions is that the fines are so excessive as to intimidate their exercise of the right to litigate the validity of the enactments authorizing *755 the fines. See Wadley Southern Ry. v. Georgia, 235 U.S. 651, 35 S.Ct. 214, 59 L.Ed. 405 (1915) and Florida East Coast Ry. v. State, 79 Fla. 66, 83 So. 708 (1920). In reversing the temporary injunction, we do not prejudge this question, the lawfulness of the fines, or any other aspect of the merits of the controversy.
The temporary injunction is quashed, and the order granting plaintiffs' motions for temporary relief is
REVERSED.
BARFIELD and ALLEN, JJ., concur.
NOTES
[1] The City complains that the temporary injunction is overbroad because it inures to the benefit, not only of the plaintiffs, but also of land owners not party to the lawsuit. Some of the advertising signs in controversy stand on land owned by strangers to the litigation and leased to plaintiffs. While an injunction should rarely, if ever, run against a non-party, it is no objection that a non-party is incidentally benefitted by an injunction. The City has not complained about the amount of the bonds plaintiffs have been required to post.
[2] As amended in 1980, Florida Rule of Civil Procedure "1.610(a) use[d] `Preliminary Injunction,' and distinguishe[d] it from `Temporary Restraining Order,' Fla.R.Civ.P. 1.610(b)." Ladner v. Plaza Del Prado Condominium Ass'n, 423 So.2d 927, 929 n. 1 (Fla. 3d DCA 1982). In appropriate emergency circumstances, the latter was available even without an evidentiary hearing. In 1984, the temporary restraining order and procedure were abolished. Since then, any injunction entered before decision on the merits is denominated temporary.
[3] We do not reach this contention because the order lacks the requisite specific reasons and findings of fact. Among the matters as to which the trial court made no findings are those bearing on the City's defenses that some of plaintiffs' claims are time barred, and that others are moot.