659 So.2d 1046 (1995)
NAEGELE OUTDOOR ADVERTISING CO., INC., ET AL., PETITIONERS,
v.
CITY OF JACKSONVILLE, FLORIDA, ET AL., RESPONDENTS.
No. 83734.
Supreme Court of Florida.
April 20, 1995.
Order Modifying Opinion on Grant of Rehearing August 24, 1995.
John M. McNatt, Jr. and Jack W. Shaw, Jr. of Osborne, McNatt, Shaw, O'Hara, Brown and Obringer, P.A., Jacksonville, and Eric M. Rubin and Jeffrey Harris of Rubin, Winston, Diercks, Harris & Cooke, Washington, DC, for petitioners.
John A. Delaney, Gen. Counsel; Tracey I. Arpen, Jr., Chief of Gen. Litigation and Loree L. French, Asst. Gen. Counsel, Jacksonville, for City of Jacksonville.
William D. Brinton of Allen, Brinton & Simmons, P.A., Jacksonville, and Linda C. Ingham of Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, for Capsigns, Inc., for Respondents.
OVERTON, Justice.
This is a petition to review City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750 (Fla. 1st DCA 1994), in which the district court quashed a temporary injunction issued by the trial court against the City of Jacksonville. The injunction prohibited the City from levying fines against Naegele Outdoor Advertising Company and others (Naegele) for maintaining billboards owned by Naegele in violation of a City ordinance while the parties litigated the validity of the City's ordinance and related charter provisions. While we acknowledge that there appears to be conflict with some parts of the opinion in Florida East Coast Railway Co. v. State, 79 Fla. 66, 83 So. 708 (1920), we find that the district court's decision in this instance should be approved. In doing so, we distinguish the decision in Florida East Coast Railway.[1]
As explained in more detail in the district court's decision, the City of Jacksonville enacted a sign ordinance that prohibits off-site billboards and other commercial sign advertising. Under the provision, a five-year grace period commencing in 1987 was established, after which existing billboards had to be removed. Any company that failed to remove its billboards following the grace period was assessed fines on a per-day and perbillboard basis. Near the end of the five-year grace period, Naegele and several other affected parties brought suit challenging the constitutionality of the sign ordinance on both substantive and procedural grounds. While the issue of the constitutionality of a law that prohibits billboards and other commercial signs for aesthetic and safety purposes is a significant constitutional issue of first impression in this State, that issue has not yet been tried on the merits in this cause. *1047 The only issue before this Court is whether the trial court erred in issuing a pre-trial injunction prohibiting the City from enforcing its sign ordinance pending the outcome of the litigation over the validity of the ordinance.
The trial court injunction, which enjoined the City from enforcing the sign ordinance against Naegele during the period of litigation and included a prohibition against the imposition and accrual of fines, was granted pursuant to rule 1.610, Florida Rules of Civil Procedure. The trial court articulated the basis for its injunctive relief as follows:
The issuance of a Temporary Injunction generally requires:
(1) a likelihood of irreparable harm;
(2) the unavailability of an adequate remedy at law;
(3) a substantial likelihood of success on the merits; and
(4) public interest considerations. Thompson v. Planning Comm'n, 464 So.2d 1231, 1236 (Fla. 1st DCA 1985).
The Plaintiffs have presented sufficient testimony and other evidence in support of their contention that they will suffer irreparable harm if the City enforces the challenged regulations against them at this time[,] resulting in the forced removal of billboards, interference with existing and prospective contracts, and the threat of imposition of fines during the pendency of this litigation, should they prevail on the merits after trial.
The Plaintiffs have also presented sufficient testimony and other evidence of the unavailability of an adequate remedy at law should an injunction not issue, and that public interest considerations favor the issuance of an injunction.
Whether the remaining requirement that Plaintiffs demonstrate a substantial likelihood of success on the merits has been met will not be decided at this time. The controversy that is the subject matter of this litigation dates back at least to 1986. The issues involved are extremely important to the parties and the community. The Plaintiffs have presented substantial facts and law in support of their position. The Defendants likewise have presented substantial facts and law in defense to the Plaintiffs' claims. The merits of these positions should be decided after trial.
However, this Court finds that the totality of the circumstances warrant preserving the status quo during this litigation. See Bailey v. Christo, 453 So.2d 1134 (Fla. 1st DCA 1984) (no express finding as to substantial likelihood of success on the merits). In addition, the imposition and accrual of fines should be enjoined during this litigation. Florida East Coast Ry. Co. v. State, [79 Fla. 66], 83 So. 708 (1920).
On appeal, the district court quashed the injunction. That opinion details the factual circumstances, including the charter provisions and ordinances involved in this case. The district court, as well as the trial court, acknowledged that a temporary injunction can be granted only when there is a showing of "(1) [t]he likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) considerations of the public interest." Naegele, 634 So.2d at 752 (quoting Thompson v. Planning Commission, 464 So.2d 1231, 1236 (Fla. 1st DCA 1985)). However, the district court disapproved the trial court's reliance on its decision in Bailey v. Christo, 453 So.2d 1134 (Fla. 1st DCA 1984), review denied, 461 So.2d 113 (Fla. 1985), and its conclusion based on that decision that an injunction could be issued if the totality of the circumstances warranted the granting of the injunction. Concerning the trial court's interpretation of the Bailey decision, the district court stated that "we in no way meant to suggest that traditional equitable rules could be selectively jettisoned, or that a temporary injunction should ever be entered in the absence of a substantial likelihood that the party seeking the injunction is entitled to relief on the merits." Naegele, 634 So.2d at 753. The district court held:
A substantial likelihood of success on the merits is shown if good reasons for anticipating that result are demonstrated. It is not enough that a merely colorable claim is advanced.

*1048 "Prior to issuing a temporary injunction, a trial court must be certain that the petition or other pleadings demonstrate a prima facie, clear legal right to the relief requested. See, e.g., Oxford International Bank and Trust, Ltd. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3rd DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980). It must appear that the petition has a substantial likelihood of success, on the merits."
Id. (quoting Mid-Florida, Inc. v. Griffin, 521 So.2d 357, 357 (Fla. 5th DCA 1988)).
The district court emphasized that, if this type of temporary injunction is "to be subject to meaningful review, an order granting a temporary injunction must contain more than conclusory legal aphorisms." Naegele, 634 So.2d at 753. The court held that rule 1.610(c) requires "findings and reasons," and concluded that "[t]he cases also establish the necessity to do more than parrot each tine of the four-prong test." Id. at 754. The district court made a point of rejecting the City's argument that it had shown in this record, by its defenses, that Naegele could not establish a substantial likelihood of success on the merits. It further made clear that the temporary injunctive relief could not be made retroactive and explained that "[w]hether appellees or any of them are liable for penalties under one or more ordinances or charter provisions depends on who prevails on the questions that comprise the merits of the lawsuit." Id.
Naegele argues that Florida East Coast Railway requires the trial judge to apply a different test, which, in Naegele's view, requires that: (1) the plaintiff must reasonably in good faith believe that the government regulations are unconstitutional; (2) the plaintiff must challenge the regulations with due diligence; and (3) the fines imposed during the litigation must be so onerous as to intimidate the plaintiffs from prosecuting the litigation. Naegele asserts that this three-part test justifies the trial court injunction. The district court acknowledged Naegele's assertion that the fines imposed by the City of Jacksonville are so excessive as to intimidate Naegele's exercise of its right to litigate the validity of the enactments authorizing the fines; however, the court concluded that this argument was not controlling under this record. It is important to emphasize at this point that while the district court found that the order did not contain sufficient findings or reasons to justify the injunction, the district court made it clear that, in reversing the temporary injunction, it was in no way determining the lawfulness of the fines or the merits of any part of the controversy.
We find that Florida East Coast Railway does not apply to this case particularly because the party seeking the injunction in that case did not have a sufficient opportunity to contest the validity of the regulation at issue before its threatened application. Under those circumstances there would have been a due process violation. We fully agree with the holding and analysis of the district court of appeal in this case and find that its quashing of the temporary injunction on the basis of this record was proper under the circumstances. We also agree with the trial court that the substantive issue in this cause raises significant constitutional legal issues that both parties should have a full opportunity to try on the merits without undue delay.
Accordingly, we approve the quashing of the temporary injunction, effective upon the issuance of the mandate of this Court, and conclude that the accrual of any fines shall commence only from the date our mandate is final. Further, we do so with directions that the trial court, upon remand, expedite all proceedings in this cause, including the filing of any necessary supplemental pleadings so that the trial on the merits may commence within ninety days from the issuance of the mandate by this Court.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

ORDER
The Motion for Rehearing filed by Petitioner, Whiteco Metrocom, is hereby denied.

*1049 ON MOTION FOR REHEARING
PER CURIAM.
The City of Jacksonville has filed a motion for rehearing in which it asserts that holding a trial within ninety days from the issuance of the mandate is not feasible because extensive discovery needs to be conducted. We grant the City's motion and delete from our opinion the requirement that the trial be commenced within ninety days. In order that the petitioners not be prejudiced by the delay, we hold that the fines will not begin accruing until ninety days prior to the commencement of the trial. Notwithstanding, we continue to urge that the trial be expedited.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
OVERTON and WELLS, JJ., dissent.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.