WHATLEY, Judge.
The appellants, Platinum Coast Financial Corporation and Michael J. Miceli, challenge a nonfinal order enjoining them from prohibiting the appellees, Farino’s, Inc. and Valerie Stiles, from erecting an exterior wall sign on a business premises the appellees lease from the appellants. The appellants argue that the trial court abused its discretion in issuing the injunction at issue without proof of its necessity. We agree and reverse.
The issuance of a temporary injunction must be based upon a showing of: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) the substantial likelihood of success on the merits; and (4) considerations of the public interest. See City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750 (Fla. 1st DCA 1994), and cases cited therein. Prior to issuing a temporary injunction, the trial court must be certain that the petitioner has demonstrated a clear legal right to the relief requested. Id. The order granting a temporary injunction must, therefore, “contain more than conclusory legal aphorisms.” Id. at 753. In fact, “[e]lear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a preliminary injunction.” Id. at 754.
In the instant case, the transcript of the hearing shows that the trial court not only failed to permit the appellants to present countervailing evidence of why a temporary injunction should not issue, but also failed to hear any evidence at all as to why an injunction should issue. Since there is, thus, no record evidence to establish the appellees’ entitlement to injunctive relief, we *725 conclude that the trial court’s issuance of a temporary injunction under these circumstances was improper.
Accordingly, the instant cause is reversed and remanded for proceedings consistent with this opinion.
THREADGILL, C.J., and RYDER, J., concur.