ON MOTION FOR REHEARING

VAN NORTWICK, Judge.
We grant the motion for rehearing, withdraw our previous opinion filed in this cause, and substitute the following opinion.
J. Layne Smith seeks to overturn an injunction entered ex parte prohibiting Smith from contacting clients of his former employer, the Tallahassee law firm of Bateman, Graham, P.A (Bateman). Because we find that Bateman lacked standing to seek an injunction on the allegations in the complaint below, we conclude that the injunction was improperly entered and the lower court abused its discretion in denying Smith’s motion to dissolve. As a result, we reverse. We also certify a question of great public importance.
Smith resigned from Bateman by letter dated July 5, 1995, and, two days later, he opened his own law practice. On July 7, 1995, Bateman filed a complaint for declaratory relief, for a temporary injunction and for a temporary injunction ex parte to prevent Smith from soliciting clients of Bateman. Bateman’s complaint alleges that Smith mailed a letter to certain clients of Bateman in which Smith “actively and directly solicited specific cases on which he had performed legal work on behalf of Bateman Graham.” The complaint then quotes Smith’s letter in part, as follows:
As you know I am the only attorney at Bateman Graham, P.A. that has had any involvement in the Florida Atlantic Erectors/Florida Atlantic Construction case, and the Midas Mufflers/Ed Powers case. I believe that it is in (Florida Employers Safety and Association Self Insurance Fund’s) best interest for me to continue representing it in these eases ...
In the complaint, Bateman cites Florida Bar Rule 4-7.4(b)(l)(B), Rules Regulating The Florida Bar,[1] as authority for the injune *498 tion against Smith. Bateman alleges further that it had no adequate remedy at law and that as a result of Smith’s letters, it has suffered irreparable harm “to the goodwill, good name, and business stability” of the firm. The complaint adds, “Smith’s conduct has already resulted in several client inquiries regarding the specific eases Smith has solicited and the preliminary inquiry regarding the lowering of hourly fees.”
An ex parte hearing was held on July 7, at which time the trial court issued a temporary injunction enjoining Smith “from contacting or soliciting legal work from all active clients of [Bateman].” In granting the injunction, the trial court found that it:
[c]learly appears that an immediate and irreparable injury, loss or damage will result to [Bateman] before [Smith] can be heard in opposition, in that the relationship of [Bateman] with its several clients will be diminished or adversely affected due to the solicitation of those clients by [Smith].
Shortly after issuance of this ex parte injunction, Smith filed a motion to dissolve, arguing that alleged violations of ethics rules of The Florida Bar do not give rise to a private cause of action and, therefore, may not be a basis here for an injunction. Accordingly, Smith contended, Bateman lacked standing to enforce the alleged violation of the ethics rules. Smith also argued (i) that the lower court failed to comply with the notice requirements of Ride 1.610(a), Florida Rules of Civil Procedure, (ii) that Bateman failed to establish an immediate and irreparable injury, the absence of an inadequate remedy at law, substantial likelihood of prevailing on the merits, and a clear legal right which deserves protection through an injunc-tive relief; and (iii) that the temporary injunction impermissibly restricts Smith’s right of free speech. After a hearing on the motion to dissolve, the lower court, albeit a different circuit, judge, declined to dissolve the injunction.[2]
Thereafter, Smith took the instant appeal. In this case, Smith essentially rear-gues the substance of the issues raised below in the motion to dissolve. We agree with Smith’s argument that, even if we assume Smith’s letter violated an ethics rule of The Florida Bar, Bateman does not have standing to seek an injunction based on the ethics rule violation. We believe that this conclusion is clear from the text of the ethics rules themselves. The preamble of Chapter 4, Rules Regulating The Florida Bar, provides:
Violation of a rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer’s self assessment, or for sanctioning the lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule. Accordingly, nothing in the rules should be deemed to augment any substantial legal duty of lawyers or the extra-disciplinary consequences of violating such duty.
R.Regulating the Fla.Bar 4-Preamble (emphasis added). Thus, the ethics rules themselves preclude a private cause of action arising from a violation of the rules. See, Tew v. Arky, Freed, Stearns, et al., 655 F.Supp. 1571 (S.D.Fla.1987) (violation of a disciplinary rule did not create a private cause of action); see also, Tew v. Arky, Freed, Stearns, et al., 655 F.Supp. 1573 (S.D.Fla.1987).
*499 Bateman also argues that two ethics opinions of The Florida Bar provide authority for the issuance of the injunction.[3] As with the ethics rules themselves, however, the ethics opinions can provide no basis for a private cause of action. Rule 9, Florida Bar Procedures for Ruling on Questions of Ethics, Rules Regulating The Florida Bar, provides that “Staff opinions, Professional Ethics Committee opinions, and opinions of the Board of Governors are advisory only ...” (emphasis added). See, The Florida Bar, Amendment to Procedures for Ruling on Questions of Ethics, 423 So.2d 355 (Fla.1982).
Finally, we do not believe that the recent opinion of the Florida Supreme Court in Chandris, S.A v. Yanakakis, 668 So.2d 180 (Fla.1995), filed by Bateman in the instant appeal as supplemental authority pursuant to Rule 9.210(g), Florida Rules of Appellate Procedure, requires a different result. In Chandris, the court held “that a contingent fee contract entered into by a member of The Florida Bar must comply with [The Florida Bar’s Rules of Professional Conduct] governing contingent fees in order to be enforceable.” Id. at 185. Despite the concerns expressed in Justice Anstead’s dissent in Chandris “about the broad sweep of the blanket rule adopted by the majority in making the Rules of Professional Conduct rules of law,” id. at 188, we do not read Chandris as authorizing a private cause of action for a violation of the ethic’s rules. Nevertheless, because we recognize that we may read Chandris too narrowly, pursuant to Article V, section 3(b)(4) of the Florida Constitution, we certify to the supreme court the following question of great public importance:
UNDER THE RULE OF LAW ESTABLISHED IN CHANDRIS, S.A V. YANAKAKIS, [668 So.2d 180] 20 FLA.LAW WEEKLY S603 (FLA. DEC. 21, 1995), DOES A PRIVATE PARTY HAVE STANDING TO SEEK AN INJUNCTION BASED UPON AN ALLEGED VIOLATION OF THE RULES REGULATING THE FLORIDA BAR?
Prior to issuing a temporary injunction, the lower court must be certain that the petition and other pleadings demonstrate a prima facie or clear right to the relief requested. City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750, 753 (Fla. 1st DCA 1994), aff'd, Naegele Outdoor Advertising Co. v. City of Jacksonville, 659 So.2d 1046 (Fla.1995). Because Bateman’s complaint was founded on a cause of action arising from an alleged violation of the rules of ethics of The Florida Bar, and Bateman lacked standing to enforce those rules of ethics against Smith, it is obvious that Bate-man did not demonstrate a prima facie or clear legal right to issuance of an injunction.[4] Accordingly, the injunction should not have issued in the first instance, and the lower court should have granted the motion to dissolve. Because we conclude that Bateman lacked standing, we find it unnecessary to address whether Smith’s alleged actions contravened Rule 4r-7.4; whether Bateman demonstrated any irreparable injury as a result of Smith’s alleged actions; or whether Rule 4-7.4, as applied to Smith, violated his right of free speech under the federal and Florida constitutions. Further, by this opinion we imply no finding with respect to whether Smith’s actions violated any standards of professional conduct or rules of ethics of The Florida Bar.
Accordingly, the order denying the motion to dissolve is REVERSED, and the cause is *500 REMANDED for entry of an order dissolving the temporary injunction ex parte.
JOANOS and MINER, JJ., concur.

. This rule provides, in pertinent part, as follows:
Rule 4-7.4, DIRECT CONTACT WITH PROSPECTIVE CLIENTS.
*498 (b) Written Communication.
(1) A lawyer shall not send ... a written communication to a prospective client for the purpose of obtaining professional employment if:
(B) the written communication concerns a specific matter and the lawyer knows or reasonably should know that the person to whom the communication is directed is represented by a lawyer in the matter; ...

. The injunction was modified, however, so as to permit Smith's contact with a Bateman client with which Smith’s uncle has responsibility for retaining counsel.

. Opinion 66-44 (Rev. April 23, 1993) and Opinion 84-1 (Rev. Jan. 15, 1993), Opinions of the Professional Ethics Committee of The. Florida Bar.

. Bateman also argues on appeal that it was entitled to an injunction to prevent an alleged tortious interference by Smith with the business relationships of Bateman and its clients. Below, however, Bateman’s complaint did not allege tor-tious interference and Bateman did not argue or cite cases to the lower court which addressed injunctions against tortious interference of a business relationship. Further, Bateman argues that Smith's alleged interference is “unjustified,” and, therefore, tortious, see, Unistar Corp. v. Child, 415 So.2d 733 (Fla. 3d DCA 1982), because Smith’s actions allegedly violated The Florida Bar's Rules of Professional Conduct. Thus, even if Bateman raised a cause of action below for tortious interference with a business relationship, any such cause of action must also fail because it would be founded upon the private enforcement of the Bar's ethics rules, for which Bateman lacks standing.