682 So.2d 568 (1996)
Robert M. SNIBBE, Ronald Tinlin, Douglas Allan, Joseph Nicolazzo, and Robert D. Williams, Appellants,
v.
The NAPOLEONIC SOCIETY OF AMERICA, INC., a Florida not-for-profit corporation, and Proctor Jones, Appellees.
Robert M. SNIBBE, Ronald Tinlin, Douglas Allan, Joseph Nicolazzo, Robert D. Williams, Walter Etling, and the Napoleonic Society of America Foundation, Inc., a Florida not-for-profit corporation, Appellants,
v.
The NAPOLEONIC SOCIETY OF AMERICA, INC., a Florida not-for-profit corporation, and Proctor Jones, Appellees.
Nos. 95-03943, 95-03949 and 95-04433.
District Court of Appeal of Florida, Second District.
September 25, 1996.
Rehearing Denied October 28, 1996.
*569 Jawdet I. Rubaii, Jack F. White, III, and Mark J. Hiers of Jawdet I. Rubaii, P.A., Clearwater, for Appellants.
Stanford R. Solomon of Stanford R. Solomon, P.A., Tampa, for Appellees.
PATTERSON, Acting Chief Judge.
This case revolves around a dispute pertaining to the election of members of the board of directors and control of the Napoleonic Society of America, Inc. (the Society). The Society, a nonprofit organization with over 1,800 members and substantial assets, was formed to stimulate interest in the study of Napoleon. The Napoleonic Society of America Foundation, Inc. (the Foundation) is a supporting organization which raises funds for the operation of the Society. Appellees Proctor Jones and the Society sought injunctive relief to prevent irreparable harm to the Society's tax exempt status, the Society's financial resources, and the goals and objectives of the Society's members. The trial court entered a "Preliminary Injunction" and "Supplemental Preliminary Injunction" against appellants Robert Snibbe, Ronald Tinlin, Douglas Allan, Joseph Nicolazzo, Robert Williams, and Walter Etling. The injunctions prohibited the individual appellants from taking any actions on behalf of the Society or Foundation and required them to deliver corporate documents to the appellees. We reverse as to four of the appellants on the issue of personal jurisdiction, and as to the remaining appellants, we reverse based on the lack of findings to support injunctive relief.
First, we address jurisdiction over the nonresident defendants Tinlin, Allan, Nicolazzo, and Williams. The appellees sued the nonresidents as individuals, not as officers and directors of the Society and the Foundation. The appellees sought personal jurisdiction over these four nonresident officers and directors pursuant to section 48.193(1)(a), Florida Statutes (1995). The court ruled that it had jurisdiction because the nonresidents were personally in Florida and they were conducting business for a Florida corporation. However, the nonresidents filed affidavits stating that they were residents of other states and did not personally conduct business in Florida. Once the nonresidents filed these affidavits, the burden shifted to the appellees to put forth evidence to refute the allegations. See Morgan v. Morgan, 679 So.2d 342 (Fla. 2d DCA 1996).
The "corporate shield" doctrine draws a "distinction between a corporate officer acting on one's own and a corporate officer acting on behalf of one's corporation." Doe v. Thompson, 620 So.2d 1004, 1006 (Fla. 1993). Because the nonresidents were acting in their corporate capacity, section 48.193 is not applicable and the court did not have personal jurisdiction over them. See Doe, 620 So.2d at 1006 (nonresident president of corporation not subject to personal jurisdiction under section 48.193 when president's *570 actions were within scope of his employment). Thus, the trial court should have granted the nonresidents' motion to quash service of process and abate for lack of personal jurisdiction. On remand, the trial court shall dismiss the action as to the four nonresidents.
As to the remaining appellants, we turn to the issue of findings necessary to support injunctive relief. The elements for a temporary injunction are: "1) the likelihood of irreparable harm; 2) the unavailability of an adequate remedy at law; 3) substantial likelihood of success on the merits; and 4) considerations of the public interest." Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976, 978 (Fla. 2d DCA 1994). Florida Rule of Civil Procedure 1.610(c) provides that every injunction must specify the reasons for its entry. The findings must "do more than parrot each tine of the four-prong test." City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750, 754 (Fla. 1st DCA 1994), approved, 659 So.2d 1046 (Fla.1995). The findings to support each of the four elements must be clear, definite, and unequivocal. Richard, 647 So.2d at 978; Naegele, 634 So.2d at 754.
Here, the temporary injunctions do not make specific factual findings as to the four elements necessary to support their issuance. The written orders incorporate by reference the court's oral findings at the hearings of September 1, 1995, and October 2, 1995. A review of the hearing transcripts reveal, however, that the trial court did not make oral findings specific to the four elements. Thus, as to the remaining appellants, Snibbe, Etling, and the Foundation, we reverse the temporary injunctions. On remand, the trial court shall search the record and determine whether it can make appropriate findings and enter proper orders delineating the specific reasons that the appellees are entitled to injunctive relief.
Reversed and remanded.
WHATLEY, J., and SCHEB, JOHN M., Senior Judge, concur.