766 So.2d 318 (2000)
ORKIN EXTERMINATION COMPANY, INC., Appellant,
v.
William TFANK, Appellee.
No. 4D99-2243.
District Court of Appeal of Florida, Fourth District.
March 1, 2000.
*319 Mark E. Grimes and David J. Pyper of Rumberger, Kirk & Caldwell, Miami, for appellant.
Kenneth G. Spillias of Lewis, Longman & Walker, P.A., West Palm Beach, for appellee.
PER CURIAM.
Orkin Exterminating Co. appeals from a nonfinal order denying its motion for preliminary injunction. We affirm.
Appellant, Orkin Exterminating Company, Inc. (Orkin), sought to enjoin former employee William Tfank from soliciting Orkin's customers and engaging in pest control within Palm Beach and Broward Counties until the two-year period specified in his noncompetition agreement lapsed. The trial court denied the motion, finding that Orkin failed to present evidence to support its request for a preliminary injunction.
Orkin filed a complaint, verified by its assistant branch manager, alleging that: Tfank entered into a noncompetition agreement; Tfank's employment with Orkin terminated on November 23, 1998; Tfank thereafter began working with Southeast; Orkin experienced an unprecedented rate of cancellation after Tfank's termination on the route he formerly serviced; Orkin contacted many of the customers who canceled, who said that they canceled Orkin's services to retain the services of Tfank and Southeast, who had solicited them; after leaving Orkin, Tfank called upon Orkin's customers to solicit pest control business within Palm Beach and/or Broward counties and engaged in pest control within Palm Beach and/or Broward counties for himself or Southeast within the two-year period following termination of his employment with Orkin; and Tfank disclosed to Southeast information concerning Orkin's business and the names of its customers, thereby breaching his employment agreement with Orkin.
In response to the complaint, Tfank filed an answer and affirmative defenses. Orkin did not file a reply to the affirmative defenses. At the hearing on its motion for a preliminary injunction, Orkin did not present any evidence or testimony, but relied solely on its verified complaint. Tfank objected to use of the complaint as the sole means of providing proof, arguing that the complaint was not sufficiently verified inasmuch as it was replete with hearsay and did not show that the affiant had direct knowledge of the facts contained therein. Further, Tfank argued, even if sufficiently verified, the complaint did not set forth allegations and facts sufficient to establish all the necessary elements for a preliminary injunction and to rebut Orkin's affirmative defenses.
A trial court's ruling on a motion for a temporary injunction is clothed with a presumption of correctness, subject to reversal only for an abuse of discretion. See Gold Coast Chem. Corp. v. Goldberg, 668 So.2d 326 (Fla. 4th DCA 1996); 3299 N. Fed. Highway, Inc. v. Board of County Comm'rs of Broward County, 646 So.2d 215, 220 (Fla. 4th DCA 1994), rev. dismissed, 699 So.2d 690 (Fla.1997). A temporary injunction is an extraordinary remedy which "should be granted sparingly and only after the moving party has alleged and proven facts entitling it to relief." Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734, 735 (Fla. 4th DCA 1980) (emphasis supplied).
We find no abuse of discretion in the trial court's finding that submission of the verified complaint alone was insufficient to justify granting a temporary injunction. Orkin's reliance on Florida Rule of Civil Procedure 1.610 is misplaced. This rule allows an affidavit or verified complaint to serve as a method of proof for an ex parte temporary injunction. An ex parte temporary injunction is issued without *320 notice and for a limited duration subject to a subsequent adversarial hearing with notice. Where, as here, there is a noticed and contested evidentiary hearing, the use of a verified complaint, standing alone, does not constitute proof sufficient for establishing the necessary elements of a temporary injunction.
Accordingly, we affirm the order denying the motion for preliminary injunction.
AFFIRMED.
WARNER, C.J., TAYLOR and HAZOURI, JJ., concur.