LaROSE, Judge.
 

 Charlotte County and Ameditrans, Inc., appeal an order granting a temporary injunction in favor of Grant Medical Transportation, Inc. We have jurisdiction.
 
 See
 
 Fla. R.App. P. 9.130(a)(3)(B). The County and Ameditrans argue that the trial court erred in enjoining the enforcement of a contract between them because the contract was in performance, Grant failed to satisfy the elements necessary to support entry of a temporary injunction, and the trial court failed to provide sufficient findings of fact showing the need for injunctive relief. We reverse.
 

 Grant was an unsuccessful bidder to provide the County with bus drivers and bus washers for a transit program for the
 
 *922
 
 disabled. Ameditrans won the contract. Grant sued, claiming that Ameditrans failed to satisfy the County’s bid requirements when it responded to a request for bids (RFB). At the time Grant moved for a temporary injunction, the County and Ameditrans were already in contract negotiations. By the time the trial court granted Grant’s motion, the contract was final and Ameditrans had begun providing services to the County.
 

 Appellate review of temporary injunctions is a matter of right.
 
 Id.; City of Jacksonville v. Naegele Outdoor Adver. Co.,
 
 634 So.2d 750, 753 (Fla. 1st DCA 1994),
 
 approved,
 
 659 So.2d 1046 (Fla.1995). We review the trial court’s order for abuse of discretion.
 
 H & M Hearing Assocs., LLC v. Nobile,
 
 950 So.2d 501, 503 (Fla. 2d DCA 2007). The issuance of a temporary injunction remains an extraordinary remedy, granted sparingly.
 
 Yardley v. Albu,
 
 826 So.2d 467, 470 (Fla. 5th DCA 2002). Generally, injunctive relief is an inappropriate remedy for what has already happened.
 
 Naegele,
 
 634 So.2d at 754 (citing
 
 Quadomain Condo. Ass’n v. Pomerantz,
 
 341 So.2d 1041, 1042 (Fla. 4th DCA 1977));
 
 see also Wilkinson v. Woodward,
 
 105 Fla. 376, 141 So. 313, 313 (1932);
 
 City of Coral Springs v. Florida Nat’l Props. Inc.,
 
 340 So.2d 1271, 1272 (Fla. 4th DCA 1976).
 

 To obtain temporary injunctive relief, the movant must satisfy each of the following elements: (1) the movant has a clear legal right to the requested relief or, in other words, it has a substantial likelihood of success on the merits; (2) the movant will suffer irreparable harm if the trial court refuses to grant the injunction; (3) the movant does not have available another adequate remedy at law; and (4) a public interest will be served by the imposition of the injunction.
 
 Snibbe v. Napoleonic Soc’y of Am., Inc.,
 
 682 So.2d 568, 570 (Fla. 2d DCA 1996).
 

 A verified complaint or motion, by itself, is inadequate to establish the necessary proof when there is a noticed and contested evidentiary hearing.
 
 See Orkin Extermination Co. v. Tfank,
 
 766 So.2d 318, 320 (Fla. 4th DCA 2000). There, the movant presented no evidence or testimony at the contested hearing. It simply rested on its verified complaint.
 
 Id.
 
 at 319. The trial court denied a motion for injunctive relief, and the appellate court affirmed.
 
 Id.
 
 at 319-20;
 
 but cf.
 
 Fla. R. Civ. P. 1.610 (delineating requirements for ex parte temporary injunction issued for limited duration, which may rest on a verified complaint).
 

 Here, Grant’s motion stated, “As alleged in the Complaint, [Grant] will suffer irreparable harm if Charlotte County is not enjoined from engaging in contract negotiations with Ameditrans and from entering into contracts with Ameditrans.” Grant’s allegations about the nature of the irreparable harm were sparse:
 

 [Grant] has and will continue to suffer irreparable harm as a result of the County’s actions causing it significant irreparable damage along with disruption of its business operations. [Grant] •will also be irreparably harmed if the Ameditrans contract to provide professional services related to the RFB is approved.
 

 Grant presented no evidence of irreparable harm. At the hearing on its motion, Grant advanced the same conclusory allegations through its attorney. This is not enough.
 
 See Brand v. Elliott,
 
 610 So.2d 37, 38 (Fla. 5th DCA 1992) (“In the absence of a clear stipulation of counsel, argument of counsel alone does not constitute evidence from which the trial court can determine the propriety,
 
 vel non,
 
 of granting injunctive relief.”).
 

 
 *923
 
 Grant’s allegations as to its likelihood of success also were conclusory; Grant offered little, if any, evidence on this point. We observe that the RFB required all bidders to acknowledge receipt of any addenda from the County in writing prior to the close of all bids. Grant complied. Pri- or to the bid award, the County discovered that Ameditrans failed to acknowledge receipt of two addenda. After the bid opening but prior to the contract award, the County required Ameditrans to acknowledge receipt of the addenda. Ameditrans did so promptly. The Board of County Commissioners subsequently awarded the contract to Ameditrans and negotiations began.
 

 Grant argues that the RFB required bidders to acknowledge receipt of addenda. According to Grant, Ameditrans’ failure to do so before bid opening rendered its bid nonresponsive. However, a Senior Division Manager for the County’s Purchasing Department testified, without rebuttal from Grant, that neither addendum was significant and the successful bidder would have to perform the contract, including addenda terms. She also testified that Ameditrans’ failure to initially acknowledge the addenda was a minor deficiency. Under the RFB, the County reserved the right to waive any minor irregularities or technicalities in the bid.
 
 See Liberty County v. Baxter’s Asphalt & Concrete, Inc.,
 
 421 So.2d 505, 507 (Fla.1982) (holding that Liberty County could reserve right to waive minor technical defects in Advertisement for Bids where there was otherwise substantial compliance with bidding process).
 

 Grant offered no countervailing evidence. On this record, we must conclude that Grant failed to show a likelihood of success on the merits. Nevertheless, the trial court found that a temporary injunction was necessary. This was error.
 
 See Naegele,
 
 634 So.2d at 754 (stating that findings must “do more than parrot each tine of the four-prong test”);
 
 Snibbe,
 
 682 So.2d at 570 (citing Florida Rule of Civil Procedure 1.610(c) and reiterating that findings must specify reasons);
 
 Bellach v. Huggs of Naples, Inc.,
 
 704 So.2d 679, 680 (Fla. 2d DCA 1997) (“Clear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a temporary injunction”) (quoting
 
 Richard v. Behavioral Healthcare Options, Inc.,
 
 647 So.2d 976, 978 (Fla. 2d DCA 1994)).
 

 Grant failed to establish each element needed for entry of a temporary injunction. Accordingly, we reverse the trial court’s order.
 

 Reversed.
 

 SILBERMAN, C.J., and KELLY, J., Concur.