DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RIVER LANDINGS PHASE ONE HOMEOWNERS ASSOCIATION, INC.,**
Appellant,

v.

**RIVER CARLTON TAYLOR, INC.,**
Appellee.

Nos. 4D2025-1146 and 4D2025-1171

[March 18, 2026]

Consolidated appeals of nonfinal orders from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey Levenson, Judge; L.T. Case No. CACE 24-016473 (09).

Christopher M. Trapani of Christopher M. Trapani, P.A., Cooper City, for appellant.

Michael P. Hamaway and Seth A. Kupilik of Mombach, Boyle, Hardin & Simmons, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

Appellant appeals a nonfinal order granting a temporary injunction in favor of appellee to maintain the status quo regarding proposed changes to real property. We reverse because the written order is facially insufficient under Florida Rule of Civil Procedure 1.610(c) and because the trial court set the injunction bond without providing the parties with an opportunity to present evidence regarding the appropriate amount.

"A trial court's ruling on a motion for a temporary injunction is clothed with a presumption of correctness, subject to reversal only for an abuse of discretion." *Orkin Extermination Co. v. Tfank*, 766 So. 2d 318, 319 (Fla. 4th DCA 2000). However, a temporary injunction "should be granted only sparingly and only after the moving party has alleged and proved facts entitling it to relief." *Morgan v. Herff Jones, Inc.*, 883 So. 2d 309, 313 (Fla. 2d DCA 2004).

Rule 1.610(c) requires every injunction to specify the reasons for entry and to describe in reasonable detail the act or acts restrained without

referencing a pleading or another document. Strict compliance with rule 1.610(c) is required. *Castillo Grand Residences Condo. Ass'n, Inc. v. Stern*, 304 So. 3d 23, 27 (Fla. 4th DCA 2020). An order granting a temporary injunction is facially insufficient when it does little more than conclusively state that the elements for injunctive relief have been satisfied. *Yardley v. Albu*, 826 So. 2d 467, 470 (Fla. 5th DCA 2002).

Here, the trial court's written order includes specific factual findings that address only one element of temporary injunctive relief. Regarding the remaining elements, the order states that the other requirements "have been proven," without providing supporting factual findings. Because the order fails to include sufficiently specific reasons supporting each element, the order is facially insufficient. *Salazar v. Hometeam Pest Defense, Inc.*, 230 So. 3d 619, 621-22 (Fla. 2d DCA 2017).

We also reverse because the trial court set the injunction bond without providing the parties with an opportunity to present evidence regarding the appropriate amount under rule 1.610(b). *Offshore Marine Towing, Inc. v. Sea Tow Servs. Int'l, Inc.*, 778 So. 2d 510, 511 (Fla. 4th DCA 2001).

Because the written order is facially deficient, we do not address the appellant's remaining arguments on the merits.

We therefore reverse and remand for further proceedings. On remand, if the trial court again enters a temporary injunction, the written order must comply with rule 1.610(c). If a temporary injunction is entered, the trial court must set the bond required by rule 1.610(b) after providing the parties with an opportunity to present evidence as to the appropriate amount.

*Reversed and remanded with instructions.*

MAY, CIKLIN and KLINGENSMITH, JJ., concur.

\*          \*          \*

**Not final until disposition of timely-filed motion for rehearing.**

2