COBB, J.
The appellant, City of Edgewood, appeals the dissolution of a temporary in *589 junction it had obtained against MCR Development Company. Edgewood had stopped MCR’s construction activities within the right-of-way of Holden Avenue, which is located within the city limits of Edgewood, until such time as MCR complied with various provisions of the city building code. This injunction was obtained ex parte. Thereafter, pursuant to a noticed evidentiary hearing, the court dissolved the injunction.
MCR is developing a small subdivision in south Orange County known as Holden Cove. The southern boundary of the subdivision lies along the northern edge of Holden Avenue. This particular section of Holden Avenue was annexed by Edgewood on December 7, 1995. This stretch of the avenue also serves as the boundary between unincorporated Orange County and Edgewood.
The trial court’s action in dissolving the temporary injunction was based on its interpretation of section 335.0415, Florida Statutes (1995) which provides in pertinent part:
The jurisdiction of public roads ... within the state, county, and municipal road system shall be that which exists on July 1,1995.
It is undisputed that as of July 1, 1995 the property in question had not yet been annexed by Edgewood and was clearly subject at that time to the jurisdiction of Orange County. In light of this statute, the trial court concluded that Edgewood had not established a substantial likelihood of success on the merits of its injunctive action. See Mid-Florida at Eustis, Inc. v. Griffin, 521 So.2d 357 (Fla. 5th DCA 1988). We agree.
AFFIRMED.
HARRIS and THOMPSON, JJ., concur: